

**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

FILED '10 AUG 13 15:27 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **JESSICA GESSELE, ASHLEY GESSELE, NICOLE GESSELE** and **TRICIA TETRAULT,** on behalf of themselves and all others similarly situated, | Case No **CV 10 - 960 . ST** |
| Plaintiffs, | COLLECTIVE AND CLASS ALLEGATION COMPLAINT |
| vs. | (FEDERAL AND STATE WAGE CLAIMS) |
| **JACK IN THE BOX INC. A CORPORATION OF DELAWARE**, | Jury Trial Requested |
| Defendant. | |

## COMPLAINT—COLLECTIVE AND CLASS ACTION

Jessica Gessele, Ashley Gessele, Nicole Gessele and Tricia Tetrault

**Collective and Class Allegation Complaint**                    Page 1

# 35230

(hereinafter "Plaintiffs"), suing on behalf of themselves and all others similarly situated, complain as follows against Jack In The Box Inc. A Corporation of Delaware (hereinafter "JACK IN THE BOX").

## PRELIMINARY STATEMENT

### 1.

This is an action under state and federal wage and hour laws for certain present and former employees of JACK IN THE BOX to recover unpaid wages and civil penalties (and pre- and post-judgment interest thereon), as well as liquidated damages and injunctive relief. The allegations herein are made based on evidence adduced prior to litigation and are to the best of Plaintiffs and their counsel's knowledge, information and belief prior to discovery.

## JURISDICTION AND VENUE

### 2.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216(b) (Fair Labor Standard Acts ("FLSA")), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce).

### 3.

This Court has supplemental jurisdiction over the state law claims set

forth in this complaint pursuant to 28 U.S.C. § 1367. Both the federal and

state claims alleged herein arose from a common nucleus of operative facts.

The state actions are so related to the federal claims that they form part of

the same controversy, and the actions would ordinarily be expected to be

tried in one judicial proceeding.

4.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. §

1391(b)(ii) because JACK IN THE BOX transacted business in this district,

Plaintiffs were employed by JACK IN THE BOX in this district, and acts

and omissions that are the subject of this suit transpired in this district.

**PARTIES**

5.

Plaintiffs Jessica Gessele, Ashley Gessele, Nicole Gessele and Tricia

Tetrault are residents and citizens of the State of Oregon. At all material

times, Plaintiffs and the Collective and Class members were hourly

employees of JACK IN THE BOX.

6.

Defendant JACK IN THE BOX is a Delaware corporation doing

business in Multnomah County, Oregon and elsewhere.

## COMMON FACTS

### 7.

At all relevant times, JACK IN THE BOX required its employees to purchase a specific type of shoes from a specific company (called Shoes for Crews), and that they re-purchase new pairs of said shoes from time to time, and willfully deducted the price of said shoes from the pay of its employees without meeting the statutory requirements to do so.

### 8.

At all relevant times, JACK IN THE BOX required its employees to wear only Jack-In-The-Box-branded clothing on the job. When the company-provided clothing was insufficient either in quantity or in warmth, employees were not allowed to wear their own clothing. They were required to purchase additional company-branded clothing, sweaters or jackets, and such purchases were deducted directly from their pay without the company having met the statutory requirements to do so.

### 9.

At various relevant times, JACK IN THE BOX issued checks to its employees that the employees were not able to cash at any bank (including JACK IN THE BOX's bank) or other place of business without payment of a fee for cashing.

**Collective and Class Allegation Complaint**                    Page 4

10.

At various relevant times, JACK IN THE BOX required its employees to receive their pay on a Comdata payroll card, and did not allow them to opt out of this system or to choose another option for payment. It was difficult or impossible for the employees to withdraw their pay from the Comdata payroll card without paying fees to do so.

11.

At all relevant times, JACK IN THE BOX did not pay its employees for breaks of less than 30 minutes.

12.

The evidence available to date strongly suggests that additional wage and hour violations may have taken place. Plaintiffs reserve the right to seek discovery regarding any and all wage and hour violations relating to their pay, and to seek to amend their Complaint accordingly following completion of discovery.

**FACTS SPECIFIC TO ONE OR MORE NAMED PLAINTIFFS**

13.

To avoid overtime, to reduce a manager's reported labor costs, and for other reasons, the manager would from time to time transfer an employee's hours from one store to another or from one workweek or pay period to

**Collective and Class Allegation Complaint**                    Page 5

another.

14.

On several occasions, one or more Plaintiffs were required to transfer inventory from store to store, to go to the bank, or to perform other work off the clock.

## COLLECTIVE AND CLASS ALLEGATIONS

15.

Throughout the statutory limitations period(s), JACK IN THE BOX engaged in acts and practices that violated the Collective and Class members' rights under the FLSA and Oregon wage and hour laws. This action is brought on behalf of two FLSA collectives and six Rule 23 classes:

a. The first Collective ("FLSA Minimum Wage Collective") consists of all hourly employees of JACK IN THE BOX who were employed in the three years prior to the filing of this Complaint. Plaintiffs allege that they and each of the other members of the FLSA Minimum Wage Collective received less than the applicable federal minimum wage, when those wages were due, for at least one workweek while in JACK IN THE BOX's employ, in violation of § 6 of the FLSA (29 U.S.C. § 206).

b. The second Collective ("FLSA Overtime Collective") consists of all

hourly employees of JACK IN THE BOX who were employed in the

three years prior to the filing of this Complaint. Plaintiffs allege that

they and each of the other members of the FLSA Overtime Collective

received less than one and one half times their regular rate of pay for

all hours worked in excess of 40 in one workweek, when those wages

were due, for at least one workweek while in JACK IN THE BOX's

employ, in violation of § 7 of the FLSA (29 U.S.C. § 207).

c. The first Class ("Oregon Minimum Wage Class") consists of all

Oregon hourly employees of JACK IN THE BOX who were employed

in the six years prior to the filing of this Complaint. Plaintiffs allege

that they and each of the other members of the Oregon Minimum

Wage Class received less than the applicable Oregon minimum wage,

when those wages were due, for least one workweek while in JACK IN

THE BOX's employ, in violation of O.R.S. 653.025.

d. The second Class ("Oregon Overtime Class") consists of all Oregon

hourly employees of JACK IN THE BOX who were employed in the

two years prior to the filing of this Complaint. Plaintiffs allege that

they and each of the other members of the Oregon Overtime Class did

not receive one and one half times their regular rate of pay for all

hours worked in excess of 40 in one workweek, when those wages

were due, for at least one workweek while in JACK IN THE BOX's employ, in violation of O.R.S. 653.261.

e.  The third Class ("Oregon Late Pay Class") consists of all Oregon hourly employees of JACK IN THE BOX who were employed in the six years prior to the filing of this Complaint. Plaintiffs allege that they and each of the other members of the Oregon Late Pay Class did not receive all wages earned and unpaid upon termination by the statutory due date therefor, in violation of O.R.S. 652.140.

f.  The fourth Class ("Oregon Wrongful Deduction Class") consists of all Oregon hourly employees of JACK IN THE BOX who were employed in the six years prior to the filing of this Complaint. Plaintiffs allege that they and each of the other members of the Oregon Wrongful Deduction Class had amounts deducted from their pay that were not authorized by law, in violation of O.R.S. 652.610.

g.  The fifth Class ("Oregon Wrongful Method of Payment Class") consists of all Oregon hourly employees of JACK IN THE BOX who were employed in the six years prior to the filing of this Complaint. Plaintiffs allege that they and each of the other members of the Oregon Wrongful Method of Payment Class were required to pay fees to receive their pay, either from checks that were not cashable

without a fee or from the use of mandatory Comdata payroll cards, in violation of O.R.S. 652.110.

h. The sixth Class ("Oregon Unpaid Wages Class") consists of all Oregon hourly employees of JACK IN THE BOX who were employed in the six years prior to the filing of this Complaint. Plaintiffs allege that they and each of the other members of the Oregon Unpaid Wages Class did not receive all wages due to them when those wages were due, in violation of O.R.S. 652.120.

### SIMILAR SITUATION

16.

Plaintiffs and the other Collective members are similarly situated in all relevant respects.

### NUMEROSITY

17.

Each of the above classes is so numerous that joinder of all members is impractical, consisting of hundreds to thousands of persons each (there are 51 Jack In The Box locations in Oregon, with many employees per store and a high turnover rate).

## COMMONALITY

### 18.

There are questions of law and fact common to each class, which predominate over any issues involving only individual class members. The principal questions are:

a. For the Oregon Minimum Wage Class, whether JACK IN THE BOX's above-enumerated policies violate Oregon law, whether JACK IN THE BOX failed to pay its employees the applicable Oregon minimum wage when due (whether through the above-enumerated policies or otherwise), and whether such violation was willful.

b. For the Oregon Overtime Class, whether JACK IN THE BOX's above-enumerated policies violate Oregon law, whether JACK IN THE BOX failed to pay its employees one and one half times their regular rate of pay for all hours worked in excess of 40 for every workweek worked when those wages were due (whether through the above-enumerated policies or otherwise), and whether such violation was willful.

c. For the Oregon Late Pay Class, whether JACK IN THE BOX's above-enumerated policies violate Oregon law, whether JACK IN

THE BOX failed to pay its employees all wages earned and unpaid upon termination by the statutory deadline to do so (whether through the above-enumerated policies or otherwise), and whether such violation was willful.

d. For the Oregon Wrongful Deduction Class, whether JACK IN THE BOX's above-enumerated policies violate Oregon law, whether JACK IN THE BOX deducted amounts from employees' paychecks that were not authorized by law (whether through the above-enumerated policies or otherwise), and whether such violation was willful.

e. For the Oregon Wrongful Method of Payment Class, whether JACK IN THE BOX's above-enumerated policies violate Oregon law, whether JACK IN THE BOX failed to pay its employees via statutorily approved methods, whether the employees incurred fees as a result, and whether such violation was willful.

f. For the Oregon Unpaid Wages Class, whether JACK IN THE BOX's above-enumerated policies violate Oregon law, whether JACK IN THE BOX failed to pay its employees all wages due when those wages were due (whether through the above-enumerated policies or otherwise), and whether such failure was willful.

**Collective and Class Allegation Complaint**                    Page 11

g. For all Classes, what remedies are available for the alleged violations.

## TYPICALITY

### 19.

Plaintiffs' claims are typical of those of the other Class members because:

a. Plaintiffs are members of each Class.

b. Plaintiffs' claims stem from the same practice or course of conduct that forms the basis for the Class claims.

c. All of the Class members' claims are based on the same facts and legal theories.

d. There is no antagonism between the interests of Plaintiffs and the Class members, because their claims are for damages provided to each Class member by statute.

e. The injuries that Plaintiffs suffered are similar to the injuries that the Class members suffered, and they are relatively small compared to the expense and burden of individual prosecutions of this litigation.

f. The prosecution of separate actions by the Class members could either result in inconsistent adjudications establishing

incompatible pay practices or, as a practical matter, dispose of the legal claims of Class members who are not parties to such separate adjudications.

## ADEQUACY OF REPRESENTATION BY PLAINTIFFS

20.

Plaintiffs will fairly and adequately protect the interests of the Classes because:

a. There is no conflict between Plaintiffs' claims and those of the other Class members.

b. Plaintiffs have retained counsel experienced in handling collective and class actions involving wage and hour law, who will vigorously prosecute this litigation.

c. Plaintiffs' claims are typical of the claims of Class members in that their claims stem from the same practice and course of conduct that forms the basis of the Class claims.

## FIRST CLAIM FOR RELIEF

(FLSA Minimum Wage Claim)

21.

All previous paragraphs are incorporated by reference herein.

**Collective and Class Allegation Complaint**                    Page 13

22.

Pursuant to 29 U.S.C. § 206, JACK IN THE BOX was required to pay Plaintiffs and the FLSA Minimum Wage Collective members at least the amount of the federal minimum wage, when those wages were due, but willfully failed to do so.

23.

Plaintiffs and the FLSA Minimum Wage Collective members are entitled to collect the difference between their wages received when due and the federal minimum wages due, over the past three years, in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees and costs.

## SECOND CLAIM FOR RELIEF

(FLSA Overtime Claim)

24.

All previous paragraphs are incorporated by reference herein.

25.

Pursuant to 29 U.S.C. § 207, JACK IN THE BOX was required to pay Plaintiffs and the FLSA Overtime Collective members at least one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

**Collective and Class Allegation Complaint**                    Page 14

26.

Plaintiffs and the FLSA Overtime Collective members are entitled to collect the difference between their wages received when due and the overtime wages due, over the past three years, in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees and costs.

### THIRD CLAIM FOR RELIEF

(Oregon Minimum Wage Claim)

27.

All previous paragraphs are incorporated by reference herein.

28.

Pursuant to O.R.S. 653.025, JACK IN THE BOX was required to pay Plaintiffs and the Oregon Minimum Wage Class members at least the amount of the applicable Oregon minimum wage, when those wages were due, but willfully failed to do so.

29.

Plaintiffs and the Oregon Minimum Wage Class members are entitled to collect the difference between their wages received when due and the Oregon minimum wages due, over the past six years, in an amount to be proven at trial, together with attorney fees and costs, as well as pre- and

**Collective and Class Allegation Complaint**                    Page 15

post-judgment interest. Those employed within three years of the filing of this Complaint are also entitled to 30 days of penalty wages.

## FOURTH CLAIM FOR RELIEF

(Oregon Overtime Claim)

30.

All previous paragraphs are incorporated by reference herein.

31.

Pursuant to O.R.S. 653.261, JACK IN THE BOX was required to pay Plaintiffs and the Oregon Overtime Class members one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

32.

Plaintiffs and the Oregon Overtime Class members are entitled to collect the difference between the wages received when due and the overtime wages due, over the past two years, in an amount to be proven at trial, together with attorney fees and costs, as well as pre- and post-judgment interest and 30 days of penalty wages.

## FIFTH CLAIM FOR RELIEF

(Oregon Late Pay Claim)

33.

All previous paragraphs are incorporated by reference herein.

34.

Pursuant to O.R.S. 652.140, JACK IN THE BOX was required to pay Plaintiffs and the Oregon Late Pay Class members all wages due by the statutory deadline upon termination of their employment but willfully failed to do so.

35.

Plaintiffs and the Oregon Late Pay Class members are entitled to collect all wages remaining due, in an amount to be proven at trial, over the past six years, together with attorney fees and costs, as well as pre- and post-judgment interest. Those employed within three years of the filing of this Complaint are also entitled to 30 days of penalty wages.

## SIXTH CLAIM FOR RELIEF

(Oregon Wrongful Deductions Claim)

36.

All previous paragraphs are incorporated by reference herein.

**Collective and Class Allegation Complaint**                    Page 17

37.

Pursuant to O.R.S. 652.610, JACK IN THE BOX was prohibited from deducting certain amounts from the paychecks of Plaintiffs and the Oregon Wrongful Deduction Class members but willfully did so.

38.

Plaintiffs and the Oregon Wrongful Deduction Class members are entitled to actual damages for each violation, in an amount to be proven at trial, over the past six years, together with attorney fees, costs and pre- and post-judgment interest. In lieu of actual damages, those employed within three years of the filing of this Complaint are entitled to the greater of actual damages or $200, whichever is greater, for each violation.

## SEVENTH CLAIM FOR RELIEF

(Oregon Wrongful Method of Payment Claim)

39.

All previous paragraphs are incorporated by reference herein.

40.

Pursuant to O.R.S. 652.110, JACK IN THE BOX was required to issue wages in the form of an instrument payable without discount at some bank or other established place of business in the county, and/or some other means of electronic transfer without cost to the employee, but willfully

failed to do so.

41.

Plaintiffs and the Oregon Wrongful Method of Payment Class members are entitled to actual damages for each violation, over the past six years, in an amount to be proven at trial, together with attorney fees, costs and pre- and post-judgment interest.

## EIGHTH CLAIM FOR RELIEF

(Oregon Unpaid Wages Claim)

42.

All previous paragraphs are incorporated by reference herein.

43.

Pursuant to O.R.S. 652.120, JACK IN THE BOX was required to pay Plaintiffs and the Oregon Unpaid Wages Class members all wages due, when those wages were due, but willfully failed to do so.

44.

Plaintiffs and the Oregon Unpaid Wages Class members are entitled to collect the wages due over the past six years in an amount to be proven at trial, together with attorney fees and costs, as well as pre- and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court award such damages as set forth above and in amounts to be proven at trial; award the attorney fees, costs and expenses of suit of Plaintiffs and the other Collective and Class members; order Defendant to pay pre-judgment and post-judgment interest on all amounts due to Plaintiffs and the other Class members as a result of their state law claims; enter an order enjoining Defendant from committing similar violations in future; and order such further or alternative relief as the Court deems appropriate.

DATED this August 13, 2010

JON M. EGAN, P.C.

JON M. EGAN, OSB # 002467
(503) 697-3427
Attorney for Plaintiffs

**Collective and Class Allegation Complaint**                    Page 20