IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JESSICA GESSELE, ASHLEY GESSELE, NICOLE GESSELE, and TRICIA TETRAULT, on behalf of themselves and all others similarly situated, | CV-10-960-ST |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| v. | |
| JACK IN THE BOX, INC., a Corporation of Delaware; | |
| Defendant. | |

STEWART, Magistrate Judge:

**INTRODUCTION**

Plaintiffs, Jessica Gessele, Ashley Gessele, Nicole Gessele, and Tricia Tetrault, on behalf of all those similarly situated, have filed this putative class action against defendant, Jack in the Box, Inc., for violation of the minimum wage and overtime provisions of the Fair Labor

1 - FINDINGS AND RECOMMENDATION

Standards Act, 29 USC §§ 201 *et seq.* ("FLSA"), and various Oregon wage and hour laws. Plaintiffs allege the following collective, class, and individual claims:

> First Claim:  failure to pay the federal minimum wage due under 29 USC § 206;
>
> Second Claim:  failure to pay federal overtime due under 29 USC § 207;
>
> Third Claim:  failure to pay the Oregon minimum wage due under ORS 653.025;
>
> Fourth Claim: failure to pay Oregon overtime due under ORS 653.261;
>
> Fifth Claim: failure to pay all wages due by the statutory deadline after termination of employment as required by ORS 652.140;
>
> Sixth Claim: deducting amounts from plaintiffs' paychecks not authorized by ORS 652.610;
>
> Seventh Claim:  failure to issue wages in a form required by ORS 652.110;
>
> Eighth Claim:  failure to timely pay all wages when due as required by ORS 652.120;

Pursuant to FRCP 12(b)(6), Jack in the Box has filed a Motion to Dismiss the First, Second, Third, Fourth, and Fifth Claims as insufficiently pled (docket # 8).  For the reasons that follow, that motion should be granted.

## STANDARD

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FRCP 8(a)(2).  This standard "does not require 'detailed factual allegations,'" but does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949 (May 18, 2009), citing *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.'" *Id*, quoting *Twombly*, 550 US at 555. In order to survive a motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*, quoting *Twombly*, 550 US at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the inference that the defendant is liable for the misconduct alleged." *Id*, quoting *Twombly*, 550 US at 556.

In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F3d 1480, 1484 (9th Cir 1995). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F3d 750, 758 (9th Cir 2003).

## FINDINGS

Jack in the Box moves to dismiss the first five claims because the Complaint fails to allege sufficient facts under the heightened pleading standard articulated in *Twombly*. Plaintiffs respond that Jack in the Box ignores several sections in the Complaint which contain sufficiently detailed factual matter.

The first five claims arise from Jack in the Box's alleged failure to pay the minimum wage, overtime, and final pay as required by the FLSA and Oregon's wage and hour laws. After incorporating "all previous paragraphs," those claims allege as follows:

> First Claim: Pursuant to 29 USC § 206, JACK IN THE BOX was required to pay Plaintiffs and the FLSA Minimum Wage Collective members at least the amount of the federal minimum wage, when those wages were due, but willfully failed to do so. Complaint, ¶ 22.

>Second Claim:  Pursuant to 29 USC § 207, JACK IN THE BOX was required to pay Plaintiffs and the FLSA Overtime Collective members at least one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.  *Id*, ¶ 25.
>
>Third Claim:  Pursuant to ORS 653.025, JACK IN THE BOX was required to pay Plaintiff and the Oregon Minimum Wage Class members at least the amount of the applicable Oregon minimum wage, when those wages were due, but willfully failed to do so.  *Id*, ¶ 28.
>
>Fourth Claim:  Pursuant to ORS 653.261, JACK IN THE BOX was required to pay Plaintiffs and the Oregon Overtime Class members one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.  *Id*, ¶ 31.
>
>Fifth Claim:  Pursuant to ORS 652.140, JACK IN THE BOX was required to pay Plaintiffs and the Oregon Late Pay Class members all wages due by the statutory deadline upon termination of their employment but willfully failed to do so.  *Id*, ¶ 34.

These paragraphs are too conclusory to satisfy the *Twombly* pleading standard because they generally allege only that Jack in the Box willingly failed to pay plaintiffs and the other collective and class members minimum wage, overtime pay, and final pay when due.  In essence, they do no more than parrot the language of the various statutes.  They do not provide sufficient factual content by themselves that would "permit an inference that even one member of the Plaintiffs' collective has 'a right of relief above the speculative level.'"  *Jones v. Casey's Gen. Stores*, 538 F Supp2d 1094, 1102-03 (SD Iowa 2008), quoting *Twombly*, 550 US at 555.

However, the first five claims incorporate by reference several paragraphs of factual allegations common to both the individual plaintiffs and to the class and collective members.  In particular, plaintiffs point to the following allegations as containing sufficient factual detail to withstand dismissal:

///

4 - FINDINGS AND RECOMMENDATION

## COMMON FACTS

7. At all relevant times, JACK IN THE BOX required its employees to purchase a specific type of shoes from a specific company (called Shoes for Crews), and that they re-purchase new pairs of said shoes from time to time, and willfully deducted the price of said shoes from the pay of its employees without meeting the statutory requirements to do so.

8. At all relevant times, JACK IN THE BOX required its employees to wear only Jack-In-The-Box-branded clothing on the job. When the company-provided clothing was insufficient either in quantity or in warmth, employees were not allowed to wear their own clothing. They were required to purchase additional company-branded clothing, sweaters or jackets, and such purchases were deducted directly from their pay without the company having met the statutory requirements to do so.

9. At various relevant times, JACK IN THE BOX issued checks to its employees that the employees were not able to cash at any bank (including JACK IN THE BOX's bank) or other place of business without payment of a fee for cashing.

10. At various relevant times, JACK IN THE BOX required its employees to receive their pay on a Comdata payroll card, and did not allow them to opt out of this system or to choose another option for payment. It was difficult or impossible for the employees to withdraw their pay from the Comdata payroll card without paying fees to do so.

11. At all relevant times, JACK IN THE BOX did not pay its employees for breaks of less than 30 minutes.

12. The evidence available to date strongly suggests that additional wage and hour violations may have taken place. Plaintiffs reserve the right to seek discovery regarding any and all wage and hour violations relating to their pay, and to seek to amend their Complaint accordingly following completion of discovery.

## FACTS SPECIFIC TO ONE OR MORE NAMED PLAINTIFFS

13. To avoid overtime, to reduce a manager's reported labor costs, and for other reasons, the manager would from time to time transfer an employee's hours from one store to another or from one workweek or pay period to another.

>14. On several occasions, one or more Plaintiffs were required to transfer inventory from store to store, to go to the bank, or to perform other work off the clock.

These factual allegations are largely irrelevant to the First, Second, Third, Fourth, and Fifth Claims for minimum wage, overtime, and late pay. The practices alleged in paragraphs 7 through 10 (regarding the purchase of shoes and company-branded clothing and payment of check-cashing and withdrawal fees) provide factual support for the Sixth, Seventh, and Eighth Claims (alleging the unlawful deduction of wages, failure to appropriately issue wages, and untimely payment of all wages due under Oregon law) which are not the subject of this motion. However, plaintiffs do not allege how any of those practices resulted in unpaid minimum wage, unpaid overtime, or untimely final pay. Such violations may or may not result from those alleged practices, depending on the employee's hourly wage and number of hours worked per week.

Paragraphs 11, 13, and 14 provide a bit more factual support for the first five claims by alleging that, in an effort to avoid proper payment of wages to employees, Jack in the Box did not pay employees for breaks lasting less than 30 minutes, occasionally transferred an employee's hours between stores or workweeks to avoid paying overtime, or required employees to work off-the-clock. However, these allegations are simply too generic to permit the inference that they give rise to a "right of relief above the speculative level." *Twombly*, 550 US at 555. How these practices necessarily resulted in the alleged FLSA and Oregon wage and hour violations is not explained.

The named plaintiffs allege only that they were "hourly employees" of Jack in the Box, but do not further specify when their employment began, how long it lasted, what hourly wage they were paid, or estimate how many hours they worked for which they were not compensated.

6 - FINDINGS AND RECOMMENDATION

Complaint, ¶ 5.  With regard to the class and collective members, plaintiffs only broadly allege that all hourly employees of Jack in the Box in Oregon were not paid minimum wage, overtime, or late pay for the three or six years prior to the filing of the Complaint.  *Id*, ¶15 (a-e).  Such vague and generic allegations are insufficient.

While class actions, by their very nature, "require somewhat more generalized pleadings," the Complaint should, at a minimum, allege facts sufficiently specific to the named plaintiffs. *DeLeon v. Time Warner Cable LLC*, 2009 US Dist LEXIS 74346, at *7 (CD Cal July 17, 2009). Here the Complaint fails to provide sufficient specificity regarding the basis for wage and hour claims.  *See Jones*, 538 F Supp2d at 1102-03 (noting that, at a minimum, a FLSA minimum wage claim should approximate the hours worked for which wages were not received); *Solis v. Time Warner Cable San Antonio, L.P.*, 2010 WL 2756800, at *3 (WD Tex July 13, 2010) (finding the complaint provided adequate factual grounds supporting the FLSA claims because it alleged an approximate time period during which the employees worked and an approximate number of hours for which they were not compensated).  The federal pleading standard requires plaintiffs to plead facts that if proved, would establish a violation of the provisions of the FLSA and Oregon wage and hour laws regarding minimum wage, overtime, and late pay.  In its current form, the Complaint fails to place Jack in the Box on notice of plaintiffs' facially plausible claims.

Plaintiffs' counsel explained at oral argument that plaintiffs were paid at or very close to the minimum wage and worked varied hours per week (less than 40 hours in some weeks and more than 40 hours in other weeks).  Thus, one or more of the alleged work-related purchases or deductions from their paychecks or other alleged practices by Jack in the Box resulted in payment of less than the minimum wage, which also translated into unpaid wages upon

termination of employment and into unpaid overtime for those weeks when they worked more than 40 hours.  However, to pursue claims based on that theory, plaintiffs need to make those specific allegations.  Even though the named plaintiffs apparently did not maintain and do not possess any time records and have not yet received copies of the time records maintained by Jack in the Box, they should be able to allege, at a minimum, the time period of their employment and their hourly and overtime rates, as well as explain how their hours varied from week to week and how the alleged practices resulted in FLSA and Oregon wage and hour violations.

## RECOMMENDATION

For the reasons discussed above, Jack in the Box's Motion to Dismiss the First through Fifth Claims (docket # 8) should be GRANTED with leave granted to plaintiffs to amend to cure the deficiencies in those claims.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due February 17, 2011.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 31st day of January, 2011.

                                                s/ Janice M. Stewart_____
                                                Janice M. Stewart
                                                United States Magistrate Judge