IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JESSICA GESSELE, ASHLEY GESSELE, NICOLE GESSELE, TRICIA TETRAULT, and CHRISTINA LUCHAU, on behalf of themselves and all others similarly situated, | 3:10-cv-960-ST |
| Plaintiffs, | OPINION |
| v. | |
| JACK IN THE BOX, INC., a Corporation of Delaware, | |
| Defendant. | |

STEWART, Magistrate Judge:

**INTRODUCTION**

Plaintiffs, Jessica Gessele, Ashley Gessele, Nicole Gessele, and Tricia Tetrault, on behalf of all those similarly situated, filed a putative class action against defendant, Jack in the Box, Inc., for violation of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 USC §§ 201 *et seq.* ("FLSA"), and various Oregon wage and hour laws. In its Answer to

1 - OPINION

the First Amended Complaint, defendant alleges 11 affirmative defenses with little or no supporting facts. Plaintiffs filed a motion to strike all of the affirmative defenses (docket #39). At the hearing on the motion, this court granted that motion in part and denied it in part (docket #45). This Opinion explains the basis for that ruling.

## DISCUSSION

**I.     Pleading Standard**

An answer must "affirmatively state any avoidance or affirmative defense." FRCP 8(c). Such defenses must be stated "in short and plain terms." FRCP 8(b). A court may strike affirmative defenses under FRCP 12(f) if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a FRCP 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F2d 1524, 1527 (9th Cir 1993), *rev'd on other grounds*, 510 US 517, 114 (1994). However, striking a defense is a "drastic remedy" which is disfavored and seldom granted. 5 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE, § 1380; *also see Lunsford v. United States*, 570 F2d 221, 229 (8th Cir 1977).

The parties disagree as to whether the heightened pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570 (2007), applies to affirmative defenses. Before *Twombly*, a complaint was governed by the fair notice pleading standard set forth in *Conley v. Gibson*, 355 US 41 (1957), which the Circuit extended to affirmative defenses. *Wyshak v. City National Bank*, 607 F2d 824, 827 (9th Cir 1979) (*per curiam*) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). *Twombly* announced a new pleading standard for claims arising under the Sherman

2 - OPINION

Act, namely the plausibility standard which requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 US at 570.  In *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949-50 (2009), the Supreme Court extended the pleading standard in *Twombly* to all civil cases.  However, neither *Twombly* nor *Iqbal* discussed affirmative defenses.

Neither the Ninth Circuit nor any other Circuit Court of Appeals has yet ruled on whether *Twombly* applies to affirmative defenses.  Judges in this court have disagreed on this issue. *Compare Peterson v. Acumed, LLC*, No. CV-10-586-HU, 2010 WL 5158542, at *3 (D Or Dec. 14, 2010) (applying *Twombly* to affirmative defenses), *with Trustmark Ins. Co. v. C&K Market, Inc.*, No. CV-10-465-MO, 2011 WL 587574 (D Or Feb. 10, 2011) (declining to extend *Twombly* to affirmative defenses until the Ninth Circuit overrules *Wyshak*).  *See also Doe v. Phoenix-Talent Sch. Dist.*, No. 10-3119-CL, 2011 WL 704877 (D Or Feb. 18, 2011) (acknowledging but not deciding the issue).  Other district courts in the Ninth Circuit also disagree.  *Compare Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F Supp2d 1167, 1171 (ND Cal 2010) (applying *Twombly* to affirmative defenses), *with J&J Sports Productions, Inc. v. Scarce*, No. 10cv2496-WQH-CAB, 2011 WL 2132723, at *1 (SD Cal, May 27, 2011) (declining to extend *Twombly* to affirmative defenses).

However, the majority of district courts across the country have extended *Twombly's* plausibility standard to affirmative defenses.  *See, e.g., EEOC v. Kelly Drye & Warren, LLP*, No. 10 Civ 665 (LTS)(MHD), 2011 WL 3163443 (SDNY July 25, 2011) ( ". . . most lower courts that have considered the question of the standard applicable to pleading of defenses have held that the Rule 12(b)(6) standard, as elucidated in *Twombly* and *Iqbal*, governs the sufficiency of the pleading of affirmative defenses.); *Dilmore v. Alion Sci. & Tech. Corp.*, Civil No. 11-72,

2011 WL 2690367, at *5 (WD Pa July 11, 2011) (". . . the emerging majority of district courts apply the *Twombly/Iqbal* standards to at least affirmative defenses."); *Riemer v. Chase Bank United States, N.A.*, 274 FRD 637, 640 (ND Ill 2011) ("While it may be a stretch to say of the more than 100 cases that have considered the applicability of *Iqbal* and *Twombly* to affirmative defenses, that the 'vast majority of . . . districts' are in favor of the application, it does appear that a majority are."(citation omitted)); *Barnes*, 718 F Supp 2d at 1171-72 ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses."). For the reasons stated in those cases, this court is persuaded that *Twombly* and *Iqbal* apply to affirmative defenses.

      This does not mean, however, that plaintiffs are encouraged to now start filing motions to strike affirmative defenses. If an affirmative defense gives fair notice of the defense by alleging sufficient facts to be plausible, then a motion to strike is not only futile, but a sanctionable dilatory tactic. If it does not, then plaintiff's attorney should first confer with defendant's attorney to flush out the invalid or unnecessary affirmative defenses before resorting to filing a motion to strike. To avoid any problem, defendants are encouraged to eschew the all too common practice of alleging a litany of boilerplate affirmative defenses with the view of dropping them later if discovery fails to support them. Defendants should only plead affirmative defenses that they believe in good faith to have sufficient factual and/or legal support. If discovery later uncovers a basis to allege another affirmative defense, then defendants are free to seek to amend the answer to add it.

///

## II. First Affirmative Defense of Failure to State a Claim

The First Affirmative Defense simply alleges that plaintiffs fail to state a claim for which relief may be granted, either individually or on a class-wide basis. Technically, this is not an affirmative defense under FRCP 8(c), but a defense under FRCP 12(b)(6).

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F3d 1080, 1088 (9th Cir 2002). Such a defense is a negative defense that merely denies plaintiff's allegations. On the other hand, an affirmative defense admits the allegations in the complaint, but avoids liability with new allegations of excuse, justification, or other negating matters. *See Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997 WL 468330, at *3 (6th Cir 1997) ("An affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."). It is a defense on which the defendant has the burden of proof. *See, e.g., Kanne v. Conn. Gen. Life Ins. Co.*, 867 F2d 489, 492 n 4 (9th Cir 1988).

Nonetheless, a failure to state a claim is commonly pled as an affirmative defense in an answer because FRCP 12(h)(2) allows it to be raised "in any pleading," as well as "by a motion under Rule 12(c)" or "at trial." It also is set out as an affirmative defense in Form 30 in the appendix to the Federal Rules of Civil Procedure. When alleged as an affirmative defense, it can simply be treated as a specific denial.

In response to an initial complaint, an affirmative defense based on failure to state a claim may be alleged in a conclusory fashion. Here, however, defendant already filed a motion to dismiss the initial complaint for that reason, and plaintiffs filed the First Amended Complaint to

5 - OPINION

correct the deficiencies raised by that motion. There appear to be no additional defects with pleading the elements of plaintiffs' claims. Therefore, this affirmative defense now serves no purpose and is stricken.

### III. Second and Third Affirmative Defenses of Actions Taken for Lawful Business Reasons and Bona Fide Dispute

The Second Affirmative Defense alleges as follows:

> Plaintiffs and the putative class members were treated fairly and in good faith and were paid all monies due an/or believed to be due. Defendant had reasonable grounds for believing that it was in full compliance with FLSA and Oregon law. The amount and calculation of all wages paid to Plaintiff and the putative class members were undertaken in accord with lawful business reasons and in good faith, and Defendant did not compensate Plaintiffs in willful disregard of any applicable requirements.

The Third Affirmative Defense alleges that:

> Any wages that are unpaid are the subject of a bona fide, good faith dispute in that Defendant has paid all wages it knows or knew were due. Thus Defendant should not be subject to the imposition of penalties or liquidated damages.

Both of these affirmative defenses, which are largely duplicative, are designed to avoid defendant's potential liability for liquidated damages under the FLSA and penalties under Oregon law. Plaintiffs contend that they are too conclusory by not stating the nature of the lawful business reasons, why defendant believed it was acting in good faith, or what investigation it performed to ensure compliance. They also assert that a subjective good faith defense is not tenable under Oregon law, citing *Wilson v. Smurfit Newsprint Corp.*, 197 Or App 648, 665, 107 P3d 61, 72 (2005). Defendant disagrees as to plaintiffs' view of Oregon law. Regardless of the parties' differing legal positions, which should not be decided on a motion to strike, both of these

6 - OPINION

defenses may reasonably be construed as alleging both a subjective and objective basis for defendant's good faith belief.

The primary deficiency is failing to allege a sufficient factual basis for defendant's good faith belief. However, rather than amend these affirmative defenses, defendant has agreed that, with respect to the named plaintiffs only, it will respond to plaintiffs' interrogatory seeking the factual basis prior to the scheduled depositions of defendant's witnesses. Based on this agreement, plaintiffs' motion to strike these two defenses is denied.

## IV. Fourth Affirmative Defense of Inadequate Notice

The Fourth Affirmative Defense alleges that "[p]laintiffs are not entitled to recover attorney fees in this action, as they did not provide adequate notice of their claims pursuant ORS 652.200." Plaintiffs contend that this is an improper affirmative defense because it only applies to an eventual award of attorney fees and does not preclude a defendant's liability. *See Barnes*, 718 F Supp2d at 1174.

However, this defense is not merely a denial of plaintiffs' claims for attorney fees, but raises a specific defense available to employers under Oregon law. Pursuant to ORS 652.200(2), a plaintiff shall be awarded attorney fees on a wage claim "unless the court finds that the plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action." A reasonable notice must include the name of the plaintiff(s) in a class action claim. *Belknap v. U.S. Bank Nat. Ass'n*, 235 Or App 658, 668-72, 234 P3d 1041, 1046-48 (2010), *review denied*, 349 Or 654, 249 P3d 542 (2011). Thus, this defense does not simply deny attorney fees based on a denial of plaintiffs' claims, but raises a defense based on a failure to comply with ORS 652.200(2). Thus, it is a valid affirmative defense.

Plaintiffs also assert that this affirmative defense is too conclusory to give them fair notice. However, any ambiguity has been clarified by defendant's response that this defense is not based on the failure of plaintiffs' attorney to provide written notice, but is based on the insufficiency of that notice under *Belknap*. Therefore, the motion to strike this affirmative defense is denied.

## V. Fifth Affirmative Defense of Non-Compensable Time

The Fifth Affirmative Defense alleges that "some or all of the disputed time is not compensable." The default rule under both state and federal law is that all time worked on the employer's premises is compensable. 29 USC §§ 206, 207; *Gafur v. Legacy Good Samaritan Hosp. & Med. Ctr.*, 344 Or 525, 535 n7 (2008) (citing OAR 839-020-0004(20)). There are exceptions to this default rule. To claim an exception, plaintiffs assert that defendant must identify what time it is deems not compensable and why. This court agrees.

Defendant concedes that it does not yet know what exception may apply. Therefore, the motion to strike is granted without prejudice to defendant's right to amend its answer.

## VI. Sixth Affirmative Defense of Payment

The Sixth Affirmative Defense alleges that defendant has "paid Plaintiffs and all putative class members all sums of money to which they were entitled." This is nothing more than a denial of plaintiffs' claims and is not a valid affirmative defense. The motion to strike this defense is granted.

///

///

///

8 - OPINION

## VII. Seventh Affirmative Defense of Waiver/Estoppel

The Seventh Affirmative Defense alleges as follows:

> Plaintiffs, by their actions and/or omissions, have waived and/or otherwise are estopped from asserting their claims against Defendants because, among other reasons, Plaintiffs were paid for all hours worked, Plaintiffs did not request payment for unpaid wages, if any, until this lawsuit, and Plaintiffs further ratified and/or failed to mitigate any damages associated with the non-payment of wages.

Plaintiffs contend that defendant must identify the purported basis of its waiver and estoppel defense and cannot simply refer to "among other reasons." This court agrees and strikes that phrase.

Plaintiffs also argue that none of the three or four reasons listed are recognized affirmative defenses to wage and hour claims, citing several cases for support. *See e.g., Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F2d 1350 (11th Cir 1983) ("FLSA rights cannot be abridged by contract or otherwise waived" (internal quotation omitted)); *Caserta v. Home Lines Agency, Inc.*, 273 F2d 943, 946-47 (2nd Cir1959) (holding estoppel inapplicable in FLSA cases); Defendant disagrees, citing other cases. *See Brown v. Sears Holding Mgmt. Corp.*, No. 09-C-2203, 2009 WL 2514173 (ND Ill Aug. 17, 2009) (employee can voluntarily waive the right to bring or participate in a class or collective action); *Forresters v. Roth's IGA Foodliner*, 475 F Supp 630, 634 (D Or 1979) (employees may be estopped from "off-the-clock" claims when they have deliberately underreported their hours and/or routinely signed payroll records, certifying them to be true and accurate). However, the cases cited by defendant involve situations which are quite different than any of the reasons alleged in this defense. In any event,

9 - OPINION

at the hearing, defendant conceded that it does not yet know the factual basis for raising a waiver or estoppel defense.

Without factual elucidation, this defense fails to meet the *Twombly* pleading standard. Therefore, the motion to strike this defense is granted without prejudice to defendant's right to amend its answer.

### VII. Eighth Affirmative Defense of Supplemental Jurisdiction

The Eighth Affirmative Defense alleges that "[t]his court lacks supplemental jurisdiction over Plaintiffs' state law claims." A defense of lack of subject matter jurisdiction may be asserted by motion before a responsive pleading, in a responsive pleading, or at any time by the court. FRCP 12(b)(1), (h)(3).

Plaintiffs contend that this defense is too conclusory because it fails to allege which specific claims lack supplemental jurisdiction or why. However, defendant clarified in its response that this defense applies to the claims for Wrongful Method of Payment pursuant to ORS 652.110 and Wrongful Deductions pursuant to ORS 652.610 because they do not form part of the same case or controversy as the FLSA claims and also raise novel issues of state law. Plaintiffs disagree and contend that these claims overlap sufficiently with the FLSA claims.

To resolve this issue, defendant will file a motion to dismiss the two claims at issue for lack of supplemental jurisdiction. Therefore, the motion to strike this defense is denied.

### IX. Ninth Affirmative Defense of Statute of Limitation

The Ninth Affirmative Defense alleges only that "[p]laintiffs' claims are barred in whole, or in part, by applicable statutes of limitations." As plaintiffs assert, this allegation is too conclusory by failing to identify which claims are untimely and which statutes of limitations are

10 - OPINION

at issue. Defendant responds only that until it knows the extent of the claims that might be brought by the class, it cannot know if this defense is applicable. Clearly this is merely a precautionary defense without a sufficient factual basis. Therefore, the motion to strike this defense is granted without prejudice to defendant's right to amend its answer.

## X.  Tenth Affirmative Defense of *De Minimis*

The Tenth Affirmative Defense alleges that "[t]he time for which Plaintiffs seek compensation is *de minimis*." This defense has a plausible legal basis since under the FLSA, employees generally cannot recover for compensable time if it amounts to only a few seconds or minutes of work beyond scheduled working hours. *Anderson v. Mt. Clemens Pottery Co.*, 328 US 680, 692 (1946); *Lindow v. United States*, 738 F2d 1057, 1062 (9th Cir 1984) (citing cases that time less than 10 minutes is *de minimis*). However, application of this rule depends on "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *Lindow*, 738 F2d at 1063.

Nonetheless, plaintiffs are correct that this defense fails to comply with *Twombly* because it does not identify what compensation is *de minimis* or how or why it is *de minimis*. Rather than amend, defendant has agreed that, with respect to the named plaintiffs only, it will respond to plaintiffs' interrogatory seeking the factual basis for this affirmative defense prior to the scheduled depositions of defendant's witnesses. Based on this agreement, plaintiffs' motion to strike this defense is denied.

///

///

11 - OPINION

### XI. Eleventh Affirmative Defense of Failure to Mitigate

The Eleventh Affirmative Defense alleges that plaintiffs "have failed to mitigate their alleged damages." Plaintiffs object to this defense as lacking any legal basis since there is no requirement to mitigate in wage claims, citing a number of cases. *See e.g., Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F Supp2d 1314, 1319 (SD Fla 2005). However, defendant relies other cases to the contrary. *See e.g., Wood v. Mid-America Mgmt. Corp.*, 192 Fed Appx 378, 381 (6th Cir 2006) (". . . an employee cannot undermine his employer's efforts to comply with the FLSA by consciously omitting overtime hours for which he knew he could be paid.").

A motion to strike should not be used as an opportunity for the determination of disputed, substantial questions of law. "[E]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." *Salcer v. Envicon Equities Corp.*, 744 F2d 935, 939 (2nd Cir1984), *vacated on other grounds*, 471 US 1098 (1986), quoting 5 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 1381 at 800–01.

Despite this legal dispute, which should not be decided on a motion to strike, defendant has once again simply named a legal theory without showing how it is connected to plaintiffs, apparently as a precaution. Therefore, it is stricken without prejudice to defendant's right to amend its answer.

///

///

///

.**XII. Reservation of Rights**

The Answer concludes with a paragraph stating that:

> Defendant reserves the right to assert additional defenses in the event additional persons become plaintiffs in the lawsuit, and/or as may be appropriate in connection with facts obtained through discovery.

This reservation of rights clause does not constitute an affirmative defense because it does not respond to any allegation or raise facts which negate plaintiffs' claims. Defendant argues that this clause is necessary to prevent future prejudice because the First Amended Complaint lacks sufficient detail to allow an assertion at this time of all necessary defenses. However, the court will ultimately decide whether to grant leave for defendant to later amend its answer. It is improper for defendant to relieve itself from later complying with FRCP 15 governing motions for leave to amend pleadings. Because the reservation of rights clause is not a viable defense, it is stricken. *See, e.g., United States v. Sensient Colors, Inc.*, 580 F Supp2d 369, 389 (DNJ 2008).

**XIII. Paragraph 6**

Plaintiffs also seek to strike paragraph 6 of the Answer in which defendant "denies that its correct name is Jack In The Box Inc., but rather Jack in the Box, Inc." There is nothing immaterial about that allegation. Therefore, it is not stricken.

DATED this 2nd day of September, 2011.

        s/ Janice M. Stewart_____
        Janice M. Stewart
        United States Magistrate Judge