IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JESSICA GESSELE, ASHLEY GESSELE,
NICOLE GESSELE, and TRICIA TETRAULT, on
behalf of themselves and all others similarly
situated

      Plaintiffs,

  v.

JACK IN THE BOX, INC., a corporation of
Delaware,

      Defendant.

Case No. 3:10-cv-960-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiffs, Jessica Gessele, Ashley Gessele, Nicole Gessele, and Tricia Tetrault, on behalf of all those similarly situated, filed a putative class action against defendant, Jack in the Box, Inc., for violation of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 USC §§ 201 *et seq.* ("FLSA"), and various Oregon wage and hour laws.

1 - OPINION AND ORDER

On August 2, 2011, after resolving defendant's Motion to Dismiss, the court set a case schedule with input from the parties in order to achieve some degree of case efficiency if all of the plaintiffs' various claims were capable of early resolution by summary judgment. That schedule required routine pre-certification discovery, including any discovery specific to the named plaintiffs' claims, to be completed by December 1, 2011, dispositive motions to be filed by January 9, 2012, and a motion for class certification due 30 days after a final ruling on dispositive motions (docket # 42). On December 14, 2011, due to discovery issues, that schedule was extended and the statute of limitations was tolled for absent putative collective class members (docket # 59). The schedule was extended again on April 11, 2012 (docket # 69). On May 17, 2012, in response to plaintiffs' Motion for Leave to Serve Supplemental Interrogatories (docket # 71), defendant filed a Motion to Revise Case Schedule (docket # 74) to require class certification before any substantive rulings in the case. Over plaintiffs' objection, this Court granted that motion on June 14, 2012, and set the motion for class certification due before dispositive motions (docket # 93).

Contending that defendant now has an unfair advantage in this case, plaintiffs have filed a Motion for Reconsideration (docket # 98), requesting the Court to either require defendant to disgorge that unfair advantage, award plaintiffs the advantage they bargained for under the original case management order, or simply reinstate the original case management order. On August 1, 2012, this Court denied the motion as to revising the case schedule and deferred the motion as to imposing any sanction against defendant (docket # 108). For the reasons set forth below, the remaining portion of the motion is DENIED.

///

///

2 - OPINION AND ORDER

**DISCUSSION**

I. **Reconsideration Standard**

The disposition of motions for reconsideration is within the discretion of the district court. *Bliesner v. Communication Workers of Am.*, 464 F3d 910, 915 (9th Cir 2006). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F3d 805, 807 (9th Cir 2004). Accordingly, plaintiffs must provide some evidence that was not available by the time of the June 14, 2012 hearing, showing that the prior ruling was clearly erroneous or manifestly unjust or that the law has changed.

Defendant contends that plaintiffs' motion falls far short on all counts. However, this court construes plaintiffs' motion as appropriately requesting reconsideration on the basis that this court committed clear error and made a manifestly unjust ruling.

II. **The Court did not Commit Clear Error**

As this Court reiterated at oral argument on this motion, only the defendant, and not the plaintiffs, can waive the right to class certification prior to dispositive motions, and defendant did not waive that right in this case. Therefore, the revision of the original case management schedule was not erroneous.

Plaintiffs argue that defendant initially agreed to a test-case approach and, accordingly, pursued discovery in preparation for filing and defending summary judgment motions. At the initial scheduling conference, counsel for all parties jointly proposed to the Court that the case proceed in phases in order to save the costs of class notice if plaintiffs' claims were determined not to have merit. Phase I discovery was to include class certification issues and the merits of the

3 - OPINION AND ORDER

named plaintiffs' cases. Following Phase I discovery, the Court would consider dispositive motions on the named plaintiffs' individual claims. If any issues remained for trial, the parties would be in a better position to both move for class certification and propose a case management plan for Phase II discovery (on class merits issues) and trial.

At the outset, defendant may well have anticipated an early resolution of plaintiffs' claims by filing a motion for summary judgment. However, it never agreed to a test-case approach as now claimed by plaintiffs and, at best, preserved its option to precede class certification with dispositive motions.

Two major events occurred as this case progressed. First, over nearly two years, plaintiffs undertook exhaustive discovery into the merits of defendant's payroll practices with multiple interrogatories, two sets of requests for production of documents, resulting in production of almost 30,000 documents and meta-data, 297 requests for admission, depositions involving the testimony of over 25 managers, and several third-party subpoenas resulting in the production of another 100,000 or so documents. Defendant repeatedly objected that plaintiffs sought discovery far exceeding normal pre-certification discovery limits. As a result, defendant's view evolved as to the advantages and disadvantages of filing a motion for summary judgment against only the named plaintiffs prior to class certification.

Second, at one of the telephone conferences with the Court to resolve a discovery dispute, plaintiffs' attorney inquired whether, based on the one-way intervention doctrine, defendant would object to plaintiffs filing a summary judgment motion. Defendant was apparently unaware that plaintiffs intended to file a summary judgment motion even if it chose not to do so. Not long thereafter, defendant filed its Motion to Revise Case Schedule based on the one-way intervention

doctrine. In opposing that motion, plaintiffs argued that one-way intervention is no longer a viable doctrine and that, in any event, defendant had waived any one-way intervention objection.

This court rejects plaintiffs' arguments. The law is clear that the one-way intervention doctrine is alive and well. "[D]istrict courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified." *Schwarzschild v. Tse*, 69 F3d 293, 295 (9th Cir 1995). This is to prevent "the intervention of a plaintiff in a class action after an adjudication favoring the class had taken place. Such intervention is termed 'one way' because the plaintiff would not otherwise be bound by an adjudication in favor of the defendant." *Id* (citation omitted). One-way intervention is unfair to the defendant because it places a putative class member in a no-lose position by knowing the outcome as to liability before deciding to opt in or out of the class. However, by filing a motion for summary judgment prior to class certification, the defendant accepts the potential unfairness of one-way intervention. *Id* at 295 ("[B]y obtaining summary judgment before the class has been certified and notice has been sent, the defendants waived any right to compel the plaintiff to notify the class of the pending action.")

The issue here is whether plaintiffs have the right to file a pre-certification motion for summary judgment even if the defendant chooses not to do so. In support, plaintiffs cite several cases allowing class certification to await dispositive motions when the defendant has consented to that procedure. However, in each of those cases, the defendant had filed a motion for summary judgment. Although the Ninth Circuit has not ruled on this issue, Judge Hernandez recently rejected plaintiffs' argument in a similar FLSA collective class action:

> Weir argues that defendants have waived any right to raise the one-way intervention doctrine by agreeing to a briefing schedule in which the motion to certify the class would not occur until after a summary judgment ruling.

5 - OPINION AND ORDER

> Defendants do not agree. They contend that plaintiff must withdraw his summary judgment motions. First, I do not find that any waiver of the one-way doctrine has occurred. Because the one-way intervention doctrine is applicable, plaintiff risks the inability to certify the class after a ruling on his dispositive motions.

*Weir v. Joly,* No. CV-10-898-HZ, 2011 WL 6043024 (D Or Dec. 2, 2011); *see also Gomez v. Rossi Concrete, Inc.*, 2011 WL 666888 (SD Cal Feb. 17, 2011).

This Court agrees with Judge Hernandez. Accordingly, plaintiffs cannot seek summary judgment prior to class certification if defendant has not waived the one-way intervention doctrine, and defendant has not waived that right by simply agreeing to the initial briefing schedule. Any prejudice to plaintiffs from a delay in obtaining a summary judgment ruling does not outweigh the prejudice to defendant if an early determination of the summary judgment motion was made prior to the conclusion of the opt-out period. Thus, this Court will not revert back to the original order of motions.

### III.   The Prior Ruling is not Manifestly Unjust

In reliance on the initial case management schedule, plaintiffs delayed filing their motion for notice to the putative collective members because they judged the advantages to outweigh the disadvantages. Now that the Court has reversed the order of motions (considering certification before dispositive motions), they contend that they lose all of the potential advantages of the delay, while retaining all of the disadvantages.

In a collective action under the FLSA, the statute of limitations for each collective member continues to run until that member affirmatively opts into the lawsuit. Each workweek or payday accrues separately—meaning that employees who worked during the statute of limitations period can recover only for the workweeks or paydays within that statute of limitations. In many

wage-and-hour cases, this fact has little overall consequence since a new claim starts for each claim that expires. But plaintiffs assert that is not true in this case for several reasons.

First, they point to the fact that defendant has been aggressively franchising its stores. When a store is corporate-owned, defendant is the employer. When the store becomes a franchise, the franchise owner becomes the new employer. Thus, defendant's potential liability extends only three years after the date when the store becomes a franchise.

Second, defendant has implemented a new timekeeping program. That program was specifically changed (at least in part) to avoid liability for employees clocking in early from their meal periods by not requiring the manager's approval to clock in early from a break or meal period. That change is expected to significantly reduce defendant's future liability for meal period violations. .

Third, no attorney-client privilege attaches to the collective members until they join this lawsuit. As a result, defendant is able to talk to the putative collective members about plaintiffs' claims.

Finally, defendant has refused to discuss settlement in this case until a decision is reached on certification.

This court rejects the notion that defendant sought to maximize its advantage over the putative class either by selling off its restaurants to franchise operators or by implementing a new electronic timekeeping systems. Both of these circumstances were well underway and known to plaintiffs before this lawsuit was filed. Parker Decl. (docket # 105), Exs. A, B & C. Moreover, it is pure speculation that defendant has sought any advantage by talking any putative collective members out of opting into this suit or by refusing to discuss settlement yet.

Plaintiffs now seek to condition the order reversing the case management schedule to eliminate the prejudice to them. *See Schultz v. A&C Trucking 1, LLC*, Case No. 3:08-cv-1095-BR, 2011 WL 6122950 (D Or Dec. 9, 2011) (granting plaintiff's motion to reset the trial date on payment of costs incurred by defendants to prepare for trial a second time). Plaintiffs no doubt delayed seeking class certification, and thus avoiding the substantial cost of notice, in anticipation of first obtaining a dispositive ruling on their claims. Had they lost on summary judgment, they could have avoided the cost of sending out notice.[1] Had they won on summary judgment, they may have been able to shift the cost of notice to defendant. *See Hunt v. Imperial Merchant Servs., Inc.,* 560 F3d 1137, 1139 (9th Cir 2009) ("[A] district court has the discretion to require a class action defendant to pay the costs of class notification when the court has already determined that the defendant is liable on the merits.").

To prevent the alleged manifest injustice arising from the delay in seeking class certification, plaintiffs seek to extend the tolling of the statute of limitations back to February 2, 2011, and require defendant to pay the cost of sending notice to the class. If allowed, the tolling of the statute of limitations which this Court ordered on December 14, 2011, would be extended by about 10 months. Plaintiffs select February 2, 2011, as the date when they would have filed their motion for collective notice had defendant not agreed to seek summary judgment before certification. That alleged agreement by defendant is based on a January 26, 2011 email from plaintiffs' counsel to defendant's counsel suggesting that the dispositive motion deadline be set before class certification motions. Egan Decl. (docket # 100), Ex. 1. However, as discussed

---

[1] At the hearing, plaintiffs estimated that, due to the high turnover of employees and number of franchises, notice will be sent to approximately 300,000 to 400,000 former and current employees. Due to the anticipated difficulty of locating former employees, the cost may range from $0.55 to $1.00 per person.

above, defendant's lack of objection to the initial case management schedule is not the same as an agreement to waive its right to not file a summary judgment motion prior to class certification.

"[T]he FLSA does not bar the district court-imposed suspension of the statute of limitations and . . . such tolling is supported by substantial policy reasons." *Partlow v. Jewish Orphans' Home of So. Cal., Inc.,* 645 F2d 757, 761 (9th Cir 1981), *abrogated on other grounds by Hoffmann-La Roche v. Sperling*, 493 US 165 (1989). The issue here is whether tolling of the statute of limitations back to February 2, 2011, is supported by any substantial policy reasons. Plaintiffs are correct that defendant has benefited from the delay in class certification due to the running of the statute of limitations. However, that delay cannot be attributed solely to defendant's recent decision not to seek summary judgment pre-certification.

When proposing the initial case management schedule, plaintiffs appear to have assumed that they had the option to seek summary judgment prior to certification, even if defendant did not, and avoid the cost of notice. However, on December 2, 2011, Judge Hernandez's ruling eliminated that option. Therefore, plaintiffs' tactical decision to delay class certification was premised on an erroneous legal assumption for which defendant is not responsible. Once plaintiffs received Judge Hernandez's ruling, they knew their assumption was wrong and could have immediately sought class certification in this case. They did not. Any delay in seeking certification after Judge Hernandez's decision was obviated by the tolling of the statute of limitations shortly thereafter on December 14, 2011. Therefore, this Court finds no substantial policy reason – or any reason – to toll the statute of limitations back to February 2, 2011.

As discussed at the hearing on this motion, if plaintiffs prevail on their motion for class certification, they will have another opportunity to attempt to shift the cost of notice to defendant or again raise the issue of whether defendant waived the one-way intervention doctrine.

## **ORDER**

For the reasons set forth above, plaintiffs' Motion to Conditionally Reconsider Court's Ruling (docket # 98) is DENIED.

DATED this 24th day of August, 2012.

                                             s/ Janice M. Stewart_____
                                             Janice M. Stewart
                                             United States Magistrate Judge