Douglas S. Parker, OSB No. 821017
dparker@littler.com
Jennifer A. Nelson, OSB No. 034086
jnelson@littler.com
Don H. Stait, OSB No. 105134
dstait@littler.com
LITTLER MENDELSON, P.C.
121 SW Morrison, Suite 900
Portland, OR  97204
Telephone:    503.221.0309
Fax No.:         503.242.2457

Attorneys for Defendant
JACK IN THE BOX INC., a Corporation of Delaware

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JESSICA GESSELE, ASHLEY GESSELE, NICOLE GESSELE and TRICIA TETRAULT, and CHRISTINA LUCHAU, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JACK IN THE BOX INC., a Corporation of Delaware,<br><br>Defendant. | Case No. 3:10-cv-00960-ST<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

## I.      INTRODUCTION

The named plaintiffs in this case have failed to file written opt-in consent forms demonstrating consent to participate in the collective action they filed pursuant to the Fair Labor Standards Act ("FLSA").  The FLSA and courts interpreting its requirements expressly require all plaintiffs, including the named plaintiffs, to file signed opt-in consent forms before such a collective action will be considered to have commenced.  Because all of the named plaintiffs in

this case have failed to file such opt-in consent forms, and because more than three years have elapsed since any of the named plaintiffs were employed by defendant, these individual plaintiffs' federal claims are time-barred under the applicable FLSA statute of limitations and must be dismissed. Further, because this Court never acquired original jurisdiction over plaintiffs' federal claims (since this action has never "commenced" in accordance with the express statutory requirements of the FLSA), the Court may not exercise supplemental jurisdiction over plaintiffs' state law claims. As a consequence, the Court should enter an order dismissing all of plaintiffs' claims in this matter and vacating the Court's prior class/collective action certification order.

## II.    FACTUAL SUMMARY

Plaintiffs in this case filed a "collective and class allegation complaint" against defendant Jack in the Box, asserting claims on behalf of themselves and a putative class of "similarly situated" individuals pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") and asserting federal question jurisdiction under 28 US.C. §1331 and §1337. (Second Amended Complaint, Dkt. #65). Each of the named plaintiffs in this case is a former Jack in the Box employee whose employment ended over three years ago. Nicole Gessele worked for Jack in the Box from approximately December 3, 2003 through March 22, 2005, and then again between July 5, 2006 and April 1, 2009. (Stubblefield Dec., ¶ 2). Ashley Gessele was employed from approximately August 4, 2006 through February 8, 2009. *Id*. Jessica Gessele worked for Jack in the Box from approximately December 27, 2006 through November 23, 2009. *Id*. Christina Luchau was employed from approximately February 20, 2006 through March 31, 2010. *Id*. Finally, Tricia Cortes Cruz worked for Jack in the Box on and off from May 14, 2004 through July 22, 2008. *Id*. None of these individual plaintiffs have filed written consents to the

collective action.

## III.   ARGUMENT

### A.   Summary Judgment Standard

Summary judgment is appropriate if, as here, the record demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Noga v. Costco Wholesale Corp.*, 583 F. Supp. 2d 1245, 1251 (D. Or. 2008); *Steiner v. Tillamook County*, 2007 U.S. Dist. LEXIS 34456, CV 05-809-AS (D. Or. 2007) (*citing Villiarimo v. Aloha Island Air, Inc.*, 902 F.2d 1385, 1389 (9th Cir. 1990)).

### B.   Plaintiffs' Claims Must Be Dismissed as a Matter of Law.

**1.** *Plaintiffs' FLSA claims must be dismissed because their failure to file opt-in consent forms has resulted in those claims being barred by the statute of limitations.*

This case is a collective action brought under the provisions of Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Section 16(b) requires that prospective class members affirmatively "opt in" to the action in order to recover:

> No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). In conjunction with Section 16(b), the FLSA further provides that collective actions filed under the FLSA:

> shall be considered to be commenced in the case of any individual claimant:
>
>     (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint *and* his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
>     (b) if such written consent was not so filed or if his name did not so appear – on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256 (emphasis added). Thus, for a Section 16(b) collective action to be "commenced" in accordance with the express statutory requirements of the FLSA, each of the named plaintiffs must have filed a signed, written consent with the Court indicating their affirmative agreement to become a party plaintiff in the case. *Frye v. Baptist Memorial Hospital, Inc.*, 2012 U.S. App. LEXIS 17791, No. 5648, *18 (11th Cir. 2012) (citing to 29 U.S.C. §§ 216(b) and 256 and finding that "courts construe [that language] to do what it says: require a named plaintiff in a collective action to file a written consent to join the collective action.").[1]

Here, it is undisputed that plaintiffs filed their case as a proposed collective action under FLSA Section 16(b). See, e.g., (a) original "Collective and Class Allegation Complaint" (Dkt. #2), at page 2 (introductory paragraph stating that plaintiffs are "suing on behalf of themselves and all others similarly situated"), ¶ 2 (page 2) (alleging jurisdiction under 29 U.S.C. §216(b)), and ¶¶ 15a-b (pages 6-7) (asserting "two FLSA collectives"); (b) plaintiffs' "First Amended

---

[1] Courts uniformly agree that this is the case. *See, e.g.*, *Ketchum v. City of* Vallejo, 523 F. Supp. 2d 1150, 1155 (E.D. Cal. 2007) (rejecting plaintiff's argument that no separate consent forms needed to be filed by the named plaintiffs, the Court held that plaintiffs' FLSA claims were time barred based on the two year statute of limitations); *Mateo v. Auto Rental Co., Ltd.*, 240 F.2d 831, 835 (9th Cir. 1957) ("It seems that it was the definite intent of the Congress to have subsection (a) [of Section § 256] in the conjunctive, and subsection (b) [of Section § 256] in the disjunctive."); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 1129, 1131 32 (D. Nev. 1999) ("The statutory language is clear. When plaintiffs have filed a "collective action" under § 216(b), all plaintiffs, including named plaintiffs, must file a consent to suit with the court in which the action is brought. Although the consents may be filed after the complaint, the action is not deemed commenced with respect to each individual plaintiff until his or her consent has been filed.") (footnote omitted); *Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 478-79 (D.N.J. 2000) (court sua sponte raises issue that none of the named or unnamed plaintiffs in the complaint filed a written consent form as required by Section 256; named and unnamed plaintiffs who failed to file written consents with the court were barred from proceeding with collective action by statute of limitations); *Songu Mbriwa v. Davis Memorial Goodwill Industries*, 144 F.R.D. 1, 2 (D.D.C. 1992) (all plaintiffs, even named plaintiffs, must file a written consent to join in a collective action under the FLSA); *Perella v. Colonial Transit, Inc.*, 148 F.R.D. 147, 148 49 (W.D. Penn. 1991) (the claims of each purported plaintiff to an FLSA collective action complaint are not asserted until each purported collective class member has filed a written consent with the court); *Vivone v. Acme Markets, Inc.*, 687 F. Supp. 168, 169 170 (E.D. Penn. 1988) (Section 216(b) collective actions require that all collective class members, even the named plaintiffs, file written consents with the court); *Kuhn v. Philadelphia Electric Co.*, 487 F. Supp. 974, 975 76 (E.D. Penn. 1980) (named and unnamed plaintiff's collective action claims do not commence until date individual claimant files written consent), aff'd, 745 F.2d 47 (3rd Cir. 1984); *Undell v. General Electric Co.*, 44 Wn.2d 386, 395 96, 267 P.2d 709 (1954) ("Under § 256(a), two things must concur to have an action commenced on the date the complaint is filed. An individual claimant must be specifically named as a party plaintiff and his written consent must be filed in court on the same day. Turning now to § 256(b), we find that, if the written consent was not filed as provided in subsection (a), or if his name did not appear in the complaint (either of these two), then the action shall be considered to be commenced on the subsequent date on which the written consent was filed in the court in which the action was commenced").

Collective and Class Allegation Complaint" (Dkt. #34) at page 1 (introductory paragraph -- same), ¶ 2 (page 2 – same), and ¶¶ 19a-b (pages 6-7 – same as former ¶¶ 15a-b); and (c) plaintiffs' "Second Amended Collective and Class Allegation Complaint" (Dkt. #65) at page 1 (introductory paragraph -- same), ¶ 2 (page 2 – same), and ¶¶ 24a-b (page 12 – same as former ¶¶ 15a-b (original Complaint) and ¶¶ 19a-b (First Amended Complaint).

It is also indisputable that the named plaintiffs have failed to file their separate individual opt-in consent forms. In fact, none of them has ever filed any form of signed statement with the Court. As a consequence, under 29 U.S.C. § 256, the case never "commenced" because plaintiffs have failed to satisfy both requirements for the commencement of an FLSA collective action (the filing of the complaint, *and* the filing of the named plaintiffs' individual opt-in consent forms). *Chavez v. Zaldivar*, 2001 U.S. Dist. LEXIS 27105, No. C-09-04812 SC (N.D. Cal. 2011) (denying plaintiff's motion for class certification because the "plain language of [29 USC §216(b)] makes clear that a FLSA collective action cannot proceed unless and until the named plaintiff files a written consent with the court," and because the named plaintiff had not filed a consent form, the action had not been properly commenced); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 1129, 1131-32 (D. Nev. 1999) ("The statutory language is clear. When plaintiffs have filed a 'collective action' under § 216(b), all plaintiffs, including named plaintiffs, must file a consent to suit with the court in which the action is brought. Although the consents may be filed after the complaint, the action is not deemed commenced with respect to each individual plaintiff until his or her consent has been filed.").

Because this case has yet to legally "commence," the statute of limitations has continued to run on plaintiffs' claims. This is true because in a FLSA collective action, the statute of limitations period extends back from the filing of the plaintiff's written consent with the court.

29 USC § 256; *Harkins v. Riverboat Services*, 385 F.3d 1099, 1101-1102 (7th Cir. 2004).  In *Harkins*, the district court dismissed the FLSA overtime claims of 18 of the 21 named plaintiffs because no written consents had been filed.  *Id*. at 1101.  Plaintiffs' counsel appealed, arguing that since all 18 plaintiffs were actually named as plaintiffs in the complaint and participated in discovery, their consent to be parties could be presumed and so the failure to file written consents for them was harmless and a mere failure to comply with a technicality.  *Id*.  The Seventh Circuit disagreed, finding "[t]he statute is unambiguous:  if you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party.  It makes no difference that you are named in the complaint. . . [w]e are inclined to interpret the statute literally.  No appellate decision does otherwise."  The court went on to note that if plaintiffs' counsel had made clear an intention to convert the collective action to one on behalf of only the named plaintiffs before the statute of limitations expired, "he would not have lost 18 of his 21 plaintiffs."  *Id*. at 1102.

Other courts have taken the same approach.  *See, e.g., Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 478-79 (D.N.J. 2000).  In *Cahill*, the court *sua sponte* raised the issue that none of the named or unnamed plaintiffs in the complaint filed a written consent form as required by Section 256.  *Id*. at 478.  As such, the court determined that until those consents were filed, those plaintiffs were not considered joined to a collective action and the statute of limitations on their claims was not tolled.  *Id*. at 479.  The court further noted that signed consents, if and when properly filed, would not relate back to the original filing date of the complaint.  *Id*., *citing Kuhn v. Philadelphia Elec. Co.*, 487 F. Supp. 974 (E.D. Pa. 1980) ("basic prerequisites" to collective action are filing of complaint and individual consents); *see also Frye, supra*, at *21.  Similarly, in *Frye*, the Sixth Circuit found that because the named plaintiff

"unambiguously signaled his intent to pursue a collective action under the FLSA," his failure to file an opt-in consent form within the statute of limitations resulted in his claims being time-barred and subject to dismissal.  *See also Chavez, supra*, at n. 5 (court noted that "the limitations period on an individual action extends back from the filing of the complaint, while the limitations period on a collective action extends back from the filing of the plaintiff's written consent with the court," and found that if the named plaintiffs in that case were to then file written consents to proceed with a collective action, they would lose about eighteen months of potential monetary recovery on their individual FLSA collective claims); *Shipes v. Amurcon Corp.* 2012 U.S. Dist. LEXIS 49449, *5 (E.D. Mich. 2012) (noting that the FLSA limitations period went back two or three years from the date the named plaintiff files a written consent to join the collective action).

      The same result applies here.  Each of the named plaintiffs was employed by Jack in the Box more than three years ago.  As such, the failure of each to file individual written consents to opt in to the collective action has resulted in the statute of limitations running on their FLSA claims (which is three years at most, if plaintiffs were able to prove a willful violation), and their claims must be dismissed.  That this case has proceeded through the first (conditional) certification phase is immaterial and does not resurrect plaintiffs' now time-barred claims.  Rather, the only fact that matters at this point is that plaintiffs failed to comply with the unambiguous requirements set forth by the FLSA, which are strictly interpreted by the courts.  *See Harkins, supra*, 385 F.3d at 1101 (plaintiffs' failure to provide written consents precluded their claims despite eight years having elapsed in litigation); *Frye, supra*, 2012 U.S. App. LEXIS at *23 (defendant's raising the opt-in consent argument after the case had been certified and then decertified did not preclude its being raised at that point); *Albritton v. Equity Group-Georgia*

*Division*, 508 F.3d 1012, 1017 (11th Cir. 2007) (affirming dismissal of plaintiffs' claims for failure to file opt-in consent forms, despite the fact that they had filed opt-in forms in a predecessor case, as §216(b) unambiguously required them to do so again, and the court was "not empowered to rewrite statutes.").

### 2. *Plaintiffs' state law claims must be dismissed for lack of jurisdiction.*

The sole basis of Plaintiffs' assertion of federal question jurisdiction in this case is their FLSA claims. *See* Second Amended Complaint at ¶ 2-3 (Dkt. #65). Plaintiffs' only asserted basis for jurisdiction over their companion state law claims and classes is supplemental jurisdiction pursuant to 29 U.S.C. § 1367. *Id*. Supplemental jurisdiction may only be exercised where the court has original jurisdiction in the first place. *See Hunter v. United Van Lines*, 746 F.2d 635, 649 (9th Cir. 1984) ("[I]t makes no sense to speak of [supplemental] jurisdiction until after a court has independently acquired jurisdiction over a federal cause of action."). SincePlaintiffs' federal claims never "commenced" under the FLSA, this Court has never properly had original jurisdiction over those claims. As such, there can be no exercise of supplemental jurisdiction over Plaintiffs' state law claims. *Herman Family Rev. Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) (supplemental jurisdiction may only be invoked after a court has established original jurisdiction); *Orozco v. Borenstein*, 2012 U.S. Dist. LEXIS 122642 (D. Ariz. Aug. 28, 2012) ("Because we have dismissed the federal claim as moot, we have no original jurisdiction upon which supplemental jurisdiction could attach. Accordingly, the state law claims are also dismissed.").

/ / /

/ / /

/ / /

## IV. CONCLUSION

For all the foregoing reasons, Defendant's Motion for Summary Judgment should be granted.

Dated: May 7, 2013

        Respectfully submitted,

/s/ Jennifer A. Nelson
Douglas S. Parker, OSB No. 821017
Jennifer A. Nelson, OSB No. 034086
Don H. Stait, OSB No. 105134
LITTLER MENDELSON, P.C.

Attorneys for Defendant
Jack In The Box, Inc.

Firmwide:119980648.1 063201.1002

9 – DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

LITTLER MENDELSON, P.C.
121 SW Morrison St., Suite 900
Portland, OR 97204
503.221.0309