UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JESSICA GESSELE, ASHLEY GESSELE, NICOLE GESSELE, TRICIA TETRAULT, and CHRISTINA LUCHAU, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>JACK IN THE BOX, INC., a corporation of Delaware,<br><br>          Defendant. | Case No. 3:10-cv-960-ST<br><br>OPINION AND ORDER |

STEWART, Magistrate Judge:

### **INTRODUCTION**

On August 13, 2010, five plaintiffs named Jessica Gessele, Ashley Gessele, Nicole Gessele, Tricia Tetrault, and Christina Luchau, on behalf of themselves and all others similarly situated, filed this putative class and collection action against defendant, Jack in the Box, Inc., for violation of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 USC §§ 201 *et seq.* ("FLSA"), and of various Oregon wage and hour laws. On April 1, 2013, plaintiffs' Motion for Class Certification of both the FLSA

1 – OPINION AND ORDER

collective action and FRCP 23 class action was granted in part and denied in part (docket # 173).

Defendant has now filed a Motion for Leave to Amend Answer (docket # 177) to add a Twelfth Affirmative Defense alleging that plaintiffs' FLSA claims "are barred by the applicable statutes of limitations, as they failed to timely file opt-in consent forms." This affirmative defense is the basis for defendant's Motion for Summary Judgment (docket # 174) filed on the same day. For the reasons set forth below, leave is granted to amend the Answer.

## **LEGAL STANDARD**

Pursuant to FRCP 15(a)(2), after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The rule and relevant case law evince a "strong policy to permit the amending of pleadings." *Sweaney v. Ada County*, 119 F3d 1385, 1392 (9th Cir 1997) (internal quotation marks and citations omitted). Deciding whether to grant leave to amend, the Supreme Court has offered the following factors for the court to consider:

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 US 178, 182 (1962).

Of these factors, consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F3d 1048, 1052 (9th Cir 2003).

2 – OPINION AND ORDER

**DISCUSSION**

Defendant initially pled the statute of limitations as an affirmative defense in its Answers to both plaintiffs' initial Collective and Class Action Complaint (docket # 35) and their Second Amended Collective and Class Action Complaint (docket # 70). Ruling twice on plaintiffs' motions to strike defendant's affirmative defenses, the Court struck defendant's statute of limitations defense based on the lack of supporting facts (dockets # 46 and # 79). However, defendant was given leave to replead should new facts be discovered giving rise to the defense.

As set forth in detail in its accompanying Motion for Summary Judgment, defendant contends that not until March 31, 2013, did the statute of limitations bar all FLSA claims. An FLSA claim must be commenced within two years or, if the violation is willful, within three years after the cause of action accrues. 29 USC § 255(a). In addition, a collective action under the FLSA is commenced with respect to any individual claimant "on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint *and* his written consent to become a party plaintiff is filed on such date in the court in which the action is brought." 29 USC § 256(a) (emphasis added). Defendant argues that on March 31, 2013, the collective FLSA claim became time-barred because none of the named plaintiffs had filed opt-in consent forms and because more than three years have elapsed since any of the named plaintiffs were employed by defendant. Thus, there is no named plaintiff who can validly assert FLSA claims.

Although conceding that they inadvertently failed to file their written consents with their Complaint, plaintiffs charge defendant with conducting an unprofessional campaign of delay, denial, misrepresentation and obfuscation and urge denial of the proposed

amendment for a laundry list of reasons: waiver, forfeiture, abandonment, prejudice, undue delay, dilatory motive, futility, squandering previous opportunities to amend, estoppel, tolling and/or the interests of justice. In addition, whether the amendment is granted or denied, plaintiffs seek an award of sanctions from defendant, as well as an evidentiary hearing concerning the conduct of defendant's counsel.

Plaintiffs' primary argument in opposition is based on the undue delay. They point out that more than three years have pass since the Complaint was filed, and more than two years have passed since defendant filed its initial motion to dismiss and subsequent Answer. During that time, the parties have filed numerous motions, engaged in exhaustive discovery, and fought over class certification. Plaintiffs view this motion to amend as appearing much too late in this litigation.

In evaluating undue delay, one inquiry is "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F3d 946, 953 (9th Cir 2006) (internal quotation marks and citations omitted). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F2d 1393, 1398 (9th Cir 1986) (citing other Ninth Circuit cases). However, "undue delay by itself is insufficient to justify denying a motion to amend." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F3d 708, 713 (9th Cir 2001) (internal ellipsis, brackets, and citation omitted). Instead, other factors must be present.

The proposed Twelfth Affirmative Defense is based on plaintiffs' failure "to timely file opt-in consent forms." Plaintiffs are correct that this omission was immediately

apparent to defendant when the Complaint was filed.  However, this same fact was just as apparent to plaintiffs.  Plaintiffs could have filed their individual opt-in consent forms with (or any time after) the filing of their Complaint.  Defendant did nothing to limit or affect plaintiffs' ability to commence their FLSA collective claim by filing the signed opt-in consent forms.  Nor did defendant have any duty to warn plaintiffs about their failure to properly commence their FLSA claims in accordance with 29 USC § 256(a).  Therefore, plaintiffs cannot be heard to have reasonably relied on anything defendants did or did not do to excuse their failure to file the opt-in consent forms.

True, defendant could have raised the statute of limitation defense as to each named plaintiff's FLSA claim *in seriatim*.  Before the three-year statute of limitations expired as to Christina Luchau on March 31, 2013, it expired for Tricia Tetrault on July 22, 2011 (almost two years ago), for Nicole Gessele on April 1, 2012, for Ashley Gessele on February 8, 2012, and for Jessica Gessele on November 23, 2012.  However, the statute of limitations did not become a complete bar to the FLSA collective claim until March 31, 2013, based on the last day worked by any of the named plaintiffs.  Up to that point, any named plaintiff could have filed the opt-in consent form in order to seek special status to represent other "similarly situated" individuals.  Defendant filed its motion approximately a month after March 31, 2013.  That is not undue delay.

Defendant conceivably could been raised an objection in connection with its objection to certification of the FLSA collective class since it directly relates to the adequacy of representation by the named plaintiffs and the respective collective periods.  Defendant did not do so.  However, defendant was not obligated to do so, especially when

5 – OPINION AND ORDER

its statute of limitation defense rests on all omitted written consents as a bar to any of the named plaintiffs' ability to commence a FLSA collective claim.

Plaintiffs correctly note that defendant initially pled a bare-bones statute of limitations defense in its first Answer, did not clarify the basis of the defense in its second Answer, never mentioned the lack of written consents as the factual or legal basis for that defense, and voluntarily dropped the defense from its third Answer.  Had defendant raised this issue at the outset, plaintiffs could have mooted the issue by filing their inadvertently omitted written consents or, at the very least, by amending their Complaint to reflect a joint action rather than a collective action.  However, until the last named plaintiff failed to timely file the opt-in consent, defendant did not have the predicate acts to sustain a statute of limitations defense as to all FLSA claims.

Furthermore, this amendment will not delay the proceedings in any meaningful way, but, if successful, will narrow the issues by eliminating the nationwide FLSA collective class.  Moreover, plaintiffs intend to argue that by seeking summary judgment on this affirmative defense, defendant has waived the one-way intervention doctrine, allowing plaintiffs to file their own motion for summary judgment before incurring the expense of class notification.  Their prior attempt to unilaterally seek summary judgment was rejected by this Court based on the one-way intervention doctrine.

The delay in raising this affirmative defense does not prejudice plaintiffs for the reasons stated by defendant in its Reply Memorandum.  Also for the reasons stated in defendant's Reply Memorandum, this Court finds no basis on which to accuse defendant of acting in bad faith or waiving the statute of limitations defense.  Although plaintiffs contend that the proposed amendment is futile, defendant have presented authority in the pending

summary judgment motion to support a viable statute of limitations defense. In opposition to the summary judgment motion, plaintiffs are free to argue that the statute of limitations has not expired based on other more persuasive legal authority, actual or constructive notice to defendant of their intended participation in this lawsuit, tolling due to concealment and/or misrepresentation as to the nature of the deductions at issue ($2/shoe kickback to Shoes for Crews and wrongful Workers' Benefit Fund overdeduction), the pleading of a joint action in lieu of a representative action, or on any other reason. The ultimate success of the statute of limitations cannot be easily ascertained at this juncture. Thus, leave is granted to defendant to add the statute of limitations as an affirmative defense based on plaintiffs' failure to timely file opt-in consent forms.

Even if the amendment is allowed, plaintiffs request an award of their attorney fees as a sanction against defendant for its three-year delay in filing this motion, to punish defendant for the wasted time spent by the Court on this litigation and to deter "disrespectful unprofessionalism" in the future. Plaintiffs fail to recognize that much of this delay is due to their decision to defer early conditional certification of their proposed FLSA collective class and instead engage in extensive precertification discovery to gain dual certification of both the nationwide FLSA collective claim and the FRCP 23 Oregon state claims. Furthermore, this Court strongly disagrees that defendant or its counsel has acted unprofessionally. Therefore, the request for an award of sanctions is denied.

Plaintiffs also request an evidentiary hearing to require defendant's counsel "to attend and testify as to the nature and timing of their client's knowledge regarding the omission of written consents from [the] Complaint, the development of the strategy to avoid bringing that issue up while delaying the case to keep the statute of limitations running and

7 – OPINION AND ORDER

hedge their bets on the Court's collective certification decision." There is no need for such an evidentiary hearing. As noted, although the omission of the opt-in consents was evident with the filing of the Complaint, defendant had no obligation to pursue the statute of limitations defense on the FLSA collective claim until it ran for all named plaintiffs. Therefore, the request for an evidentiary hearing is denied.

## ORDER

Defendant's Motion for Leave to Amend Answer (docket # 177) to add the statute of limitations is GRANTED, and the Amended Answer is due on or before June 25, 2013. Pursuant to the current case schedule (docket # 184), plaintiffs' response to defendants' Motion for Summary Judgment is due 24 days (21 calendar days plus 3 days for service) after the Amended Answer is filed.

This case will be transferred to Judge Ancer Haggerty for all further purposes.

DATED June 18, 2013.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
