IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSICA GESSELE, ASHLEY                    3:10-CV-00960-BR
GESSELE, NICOLE GESSELE,
TRICIA TETRAULT and CHRISTINA              ORDER
LUCHAU, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

v.

JACK IN THE BOX INC., a
Corporation of Delaware,

        Defendant.

BROWN, Judge.

     Magistrate Judge Janice M. Stewart issued an Opinion and

Order (#191) on June 18, 2013, in which she granted Defendant

Jack in the Box, Inc.'s Motion (#177) for Leave to Amend Answer.

On July 1, 2013, Plaintiffs filed Objections to Judge Stewart's

Opinion and Order.  The matter is now before this Court pursuant

1 - ORDER

to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72.

## I.   Background

On August 13, 2010, Plaintiffs Jessica Gessele, Ashley Gessele, Nicole Gessele, and Tricia Tetrault on behalf of all those similarly situated filed a putative class-action Complaint in this Court against Defendant for violation of the minimum-wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and various Oregon wage-and-hour laws.  Specifically, Plaintiffs alleged Defendant (1) failed to pay minimum wages in violation of the FLSA, (2) failed to pay overtime wages in violation of the FLSA, (3) failed to pay minimum wages in violation of Oregon Revised Statute § 653.025, (4) failed to pay overtime wages in violation of Oregon Revised Statute § 653.261, (5) failed to pay all wages due after termination of Plaintiffs' employment in violation of Oregon Revised Statute § 652.140, (6) deducted unauthorized amounts from Plaintiffs' paychecks in violation of Oregon Revised Statute § 652.610, (7) failed to issue wages in the form required by Oregon Revised Statute § 652.110, and (8) failed to timely pay all wages when due as required by Oregon Revised Statute § 652.120.

On December 15, 2010, Defendant moved to dismiss Plaintiffs' First through Fifth Claims.  Magistrate Judge Stewart issued Findings and Recommendation on January 31, 2011, in which she

2 - ORDER

recommended the Court grant Defendant's Motion.

On April 11, 2011, Senior Judge Ancer Haggerty issued an Order adopting the Findings and Recommendation, granting Defendant's Motion to Dismiss, and granting Plaintiffs leave to file an Amended Complaint.

On May 16, 2011, Plaintiffs filed a First Amended Complaint in which they asserted the same claims but included additional facts in support of their claims.

On May 31, 2011, Defendant filed an Answer to Plaintiffs' First Amended Complaint in which they asserted, among other things, a statute-of-limitations defense as follows: "Plaintiffs' claims are barred in whole, or in part, by applicable statutes of limitations."

On July 18, 2011, Plaintiffs filed a Motion to Strike all of Defendant's Affirmative Defenses.  In particular, Plaintiffs moved to strike Defendant's statute-of-limitations defense on the ground that Defendant did not "identify which claims are allegedly subject to this affirmative defense, nor in what way they are supposedly barred. . . .  Plaintiffs therefore cannot substantially respond to nor pursue discovery on this issue."

On August 30, 2011, Magistrate Judge Stewart heard oral argument on Plaintiffs' Motion to Strike.

On September 2, 2011, Magistrate Judge Stewart issued an Opinion in which she concluded, among other things, that

3 - ORDER

Defendant's statute-of-limitations defense was "merely a
precautionary defense without a sufficient factual basis."
Magistrate Judge Stewart, therefore, granted Plaintiffs' Motion
to Strike as to Defendant's statute-of-limitations defense
"without prejudice to defendant's right to amend its answer."

On March 20, 2012, Plaintiffs filed a Second Amended
Complaint in which Plaintiffs allege Defendant (1) failed to pay
minimum wages in violation of the FLSA, (2) failed to pay
overtime wages in violation of the FLSA, (3) failed to pay
minimum wages in violation of Oregon Revised Statute § 653.025,
(4) failed to pay overtime wages in violation of Oregon Revised
Statute § 653.261, (5) failed to pay all wages due after
termination of Plaintiffs' employment in violation of Oregon
Revised Statute § 652.140, (6) deducted unauthorized amounts from
Plaintiffs' paychecks in violation of Oregon Revised Statute
§ 652.610, and (7) failed to timely pay all wages when due as
required by Oregon Revised Statute § 652.120.

On April 12, 2012, Defendant filed an Answer to Plaintiffs'
Second Amended Complaint in which it asserted Affirmative
Defenses including the statute of limitations.  As in Defendant's
Answer to Plaintiffs' First Amended Complaint, Defendant alleged
only that "Plaintiffs' claims are barred in whole, or in part, by
applicable statutes of limitations."

On May 22, 2012, Magistrate Judge Stewart heard oral

4 - ORDER

argument on various Motions pending in this matter.  At the
hearing Plaintiffs made an oral Motion to Dismiss Defendant's
Affirmative Defenses.  Although the Magistrate Judge granted
Plaintiffs' Motion, the Magistrate Judge dismissed Defendant's
statute-of-limitations defense without prejudice and with leave
to amend.  Specifically, the Magistrate Judge noted:

> I think what is going to happen in this case is at
> some point, if the defendant decides that it has,
> for example, a valid statute of limitations
> defense with a particular class member with
> respect to a particular claim, they're going to
> have to seek leave of court to amend and add that
> affirmative defense with specific factual
> allegations to go forward.

Tr. at 7 (May 22, 2013, Hearing, Docket #185).  The Magistrate
Judge specifically declined Plaintiffs' request to dismiss with
prejudice Defendant's statute-of-limitations defense against the
named Plaintiffs.

On October 22, 2012, Defendant filed a Motion to
Amend/Correct Answer in which it requested to file an Amended
Answer to Plaintiffs' Second Amended Complaint that, among other
things, did not include a statute-of-limitations Affirmative
Defense.

On December 13, 2012, Plaintiffs filed a Third Motion for
Leave to File Amended Complaint in which they sought leave to
file a Third Amended Complaint.

On December 20, 2012, Magistrate Judge Stewart issued an
Order granting Defendant's Motion to Amend/Correct Answer.

5 - ORDER

On December 27, 2012, Defendant filed its Amended Answer to Plaintiffs' Second Amended Complaint.  Defendants' Amended Answer did not include a statute-of-limitations Affirmative Defense.

On January 7, 2013, Magistrate Judge Stewart denied Plaintiffs' Third Motion for Leave to File Amended Complaint on the grounds of undue delay and prejudice.  Specifically, the Magistrate Judge noted:

> Given the amended pleadings, extensive discovery and motion practice to date, including plaintiffs' pending motion for class certification, this case is too far advanced to add two new defendants (including a representative of a proposed defendant class), many new claims unrelated to the pending claims for wage and hour violations, additional putative class members, and over 50 new proposed classes and subclasses.

Order issued Jan. 7, 2013 (#157).

On May 7, 2013, Defendant filed a Motion for Leave to Amend Answer to include a statute-of-limitations Affirmative Defense. Specifically, Defendant asserted the named Plaintiffs failed to file opt-in consent forms that are a prerequisite to commencing a collective action under §§ 216(b) and 256 of the FLSA and on March 31, 2013, the FLSA's three-year limitation period ran as to the named Plaintiffs.  According to Defendant, therefore, Defendant had for the first time a specific factual basis to assert its statute-of-limitations defense as of March 31, 2013, and, therefore, the Court should grant Defendant leave to amend its Answer to assert the statute-of-limitations defense.

6 - ORDER

Also on May 7, 2013, Defendant filed a Motion for Summary Judgment[1] as to all of Plaintiffs' claims on the grounds that Plaintiffs' FLSA claims are barred by the statute of limitations and this Court may not exercise supplemental jurisdiction over Plaintiffs' state-law claims.

On May 31, 2013, Plaintiffs filed a Response to Defendant's Motion for Leave to Amend Answer in which they objected to Defendant's Motion on numerous grounds. On June 14, 2013, Defendant filed a Reply in support of its Motion for Leave to Amend.

On June 18, 2013, Magistrate Judge Stewart issued an Opinion and Order (#191) in which she granted Defendant's Motion (#177) for Leave to Amend Answer. On July 1, 2013, Plaintiffs filed Objections to the Opinion and Order. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## II. Standard of Review

Rule 72(a) provides:  "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate,

---

[1] On July 8, 2013, this Court issued an Order staying Plaintiffs' response to Defendant's Motion for Summary Judgment until resolution of Plaintiffs' Objections to the June 18, 2013, Opinion and Order.

issue a written order stating the decision."  The standard of
review for an order with objections is "clearly erroneous" or
"contrary to law."  *Id*.  *See also* 28 U.S.C. § 636(b)(1)(A)(the
"clearly erroneous or contrary to law" standard of review applies
to nondispositive motions).

Plaintiffs concede in their Objections that a motion to
amend is a nondispositive motion and that courts usually review
rulings on such motions under a clearly-erroneous or abuse-of-
discretion standard.  Nevertheless, Plaintiffs assert this Court
should review the Magistrate Judge's Opinion and Order *de novo* on
the ground that Defendant's Motion for Leave to Amend is akin to
a dispositive motion because Plaintiffs contend Defendant has
"irrevocably abandoned" the statute-of-limitations defense.

Plaintiffs do not cite any authority to support their
position nor could the Court find any.  In fact, this Court has
held motions for leave to amend are not dispositive motions, and,
therefore, they are reviewed under the "clearly erroneous" or
"contrary to law" standard.  *See, e.g., Tate v. Bennett Law,
PLLC*, No. 3:12-CV-00590-SU, 2013 WL 1751289, at *1 (D. Or.
Apr. 22, 2013).  The Court, therefore, will review the Magistrate
Judge's Opinion and Order under the "clearly erroneous" or
"contrary to law" standard pursuant to Rule 72(a).

When deciding whether there has been clear error, "a
reviewing court must ask whether . . . it is 'left with the

8 - ORDER

definite and firm conviction that a mistake has been committed.'"
*Easley v. Cromartie*, 532 U.S. 234, 242 (2001)(quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  This standard of review reflects the broad discretion accorded to magistrate judges on pretrial matters.  *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002).

**III. Timing of the Magistrate Judge's Opinion and Order and Lack of Oral Argument**

Plaintiffs assert in their Objections:

> It is unknown why Judge Stewart refused to hold oral argument on Jack in the Box's motion, despite Employees' *unopposed* motion for her to do so [Documents 180-181].  That lack of oral argument, combined with the speed with which Judge Stewart issued her order (two business days following the filing of Jack in the Box's Reply), denied Employees the ability to respond to the new arguments and evidence submitted by Jack in the Box with its Reply.  This has grave Due Process implications.

Pls.' Objections at 10 (emphasis in original).  The Court notes the Federal Rules of Civil Procedure do not provide a right to oral argument.  In addition, Local Rule 7-1(d)(1) specifically provides in pertinent part:  "The Court will decide each motion without oral argument unless the Court determines that oral argument would help it resolve the matter."  The decision to hold oral argument, therefore, is completely discretionary.  Thus, this Court concludes Magistrate Judge Stewart's decision not to hear oral argument does not establish or even suggest a basis for any due-process challenge.  In addition, the Magistrate Judge's

9 - ORDER

issuance of an Opinion and Order within two days of Defendant's
Reply reflects only efficient adjudication of an issue that had
to be decided before the parties could further address
Defendant's Motion for Summary Judgment.  Accordingly, the Court
finds there is not any due-process issue raised by the timing of
the Magistrate's Opinion and Order or her decision to decide the
matter without oral argument.

## IV.  Plaintiffs' Objections

In the majority of their Objections, Plaintiffs reiterate
the arguments contained in their Response to Defendant's Motion
for Leave to Amend, including assertions of undue delay, bad
faith, dilatory motive, prejudice, forfeiture, abandonment, and
waiver.  This Court has carefully considered those Objections and
concludes they do not provide a basis to modify the Findings and
Recommendation.

Plaintiffs other Objections related to futility and the
applicability of the written-consent requirement of the FLSA go
to the merits of Defendant's statute-of-limitations defense as
applied to Plaintiffs and, therefore, are properly addressed at
summary judgment.  Accordingly, the Court concludes Plaintiffs'
Objections related to futility and applicability of the written-
consent requirement in this case do not provide a basis to modify
the Findings and Recommendation.

In summary, the Court concludes the Magistrate Judge's

10 - ORDER

Opinion and Order was not clearly erroneous nor contrary to the law.

### CONCLUSION

The Court **AFFIRMS** Magistrate Judge Stewart's Opinion and Order (#191) granting Defendant's Motion (#177) for Leave to Amend Answer.

The Court directs counsel to confer and to submit **no later than September 6, 2013,** a jointly proposed briefing schedule for Defendant's Motion for Summary Judgment.  When the Motion is fully briefed, the Court will determine whether oral argument would be helpful.

IT IS SO ORDERED.

DATED this 27th day of August, 2013.


/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

11 - ORDER