IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSICA GESSELE, ASHLEY                    3:10-CV-00960-BR
GESSELE, NICOLE GESSELE,
TRICIA TETRAULT, and                       OPINION AND ORDER
CHRISTINA LUCHAU, on behalf
of themselves and all others
similarly situated,

        Plaintiffs,

v.

JACK IN THE BOX, INC., a
Corporation of Delaware,

        Defendant.


JON M. EGAN
240 Sixth Street
Lake Oswego, OR 97034-2931
(503) 697-3427

        Attorney for Plaintiffs

DOUGLAS S. PARKER
JENNIFER NETH WARBERG
DON STAIT
Littler Mendelson, P.C.
121 S.W. Morrison Street
Suite 900
Portland, OR 97204
(503) 221-0309

        Attorneys for Defendants


1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on Defendant's Bill of Costs (#299) and Plaintiffs' Bill of Costs (#302).  For the reasons that follow, the Court **DENIES** Defendant's and Plaintiffs' Cost Bills.


## BACKGROUND

On August 13, 2010, Plaintiffs Jessica Gessele, Ashley Gessele, Nicole Gessele, and Tricia Tetrault on behalf of all those similarly situated filed a putative class-action Complaint in this Court against Defendant Jack in the Box, Inc., for violation of the minimum-wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and various Oregon wage-and-hour laws.  Specifically, Plaintiffs alleged Defendant (1) failed to pay minimum wages in violation of the FLSA, (2) failed to pay overtime wages in violation of the FLSA, (3) failed to pay minimum wages in violation of Oregon Revised Statute § 653.025, (4) failed to pay overtime wages in violation of Oregon Revised Statute § 653.261, (5) failed to pay all wages due after termination of Plaintiffs' employment in violation of Oregon Revised Statute § 652.140, (6) deducted unauthorized amounts from Plaintiffs' paychecks in violation of Oregon Revised Statute § 652.610, (7) failed to issue wages in the form required by Oregon Revised Statute § 652.110, and

(8) failed to pay all wages when due as required by Oregon
Revised Statute § 652.120.

On December 15, 2010, Defendant moved to dismiss Plaintiffs'
First through Fifth Claims.  On January 31, 2011, Magistrate
Judge Janice M. Stewart issued Findings and Recommendation in
which she recommended the Court grant Defendant's Motion to
Dismiss.

On April 11, 2011, Senior District Judge Ancer Haggerty
issued an Order adopting the Findings and Recommendation,
granting Defendant's Motion to Dismiss, and granting Plaintiffs
leave to file an Amended Complaint.

On May 16, 2011, Plaintiffs filed a First Amended Complaint
in which they asserted the same claims as in their initial
Complaint but added Christina Luchau as a Plaintiff and included
additional facts to support their claims.

On May 31, 2011, Defendant filed an Answer to Plaintiffs'
First Amended Complaint in which it asserted, among other things,
a statute-of-limitations defense as follows:  "Plaintiffs' claims
are barred in whole, or in part, by applicable statutes of
limitations."

On July 18, 2011, Plaintiffs filed a Motion to Strike
Defendant's Affirmative Defenses.  In particular, Plaintiffs
moved to strike Defendant's statute-of-limitations defense on the
ground that Defendant did not "identify which claims are

allegedly subject to this affirmative defense, nor in what way they are supposedly barred. . . . Plaintiffs therefore cannot substantially respond to nor pursue discovery on this issue."

On August 30, 2011, Magistrate Judge Stewart heard oral argument on Plaintiffs' Motion to Strike.

On September 2, 2011, Magistrate Judge Stewart issued an Opinion in which she concluded, among other things, that Defendant's statute-of-limitations defense was "merely a precautionary defense without a sufficient factual basis." Magistrate Judge Stewart, therefore, granted Plaintiffs' Motion to Strike as to Defendant's statute-of-limitations defense "without prejudice to defendant's right to amend its answer."

On December 14, 2011, Magistrate Judge Stewart held a status conference in which she advised the parties that she was going to enter an order tolling the statute of limitations "for absent collective class members" beginning on December 14, 2011, and continuing "until class certification." Hearing Tr. 54-55 (#148). On December 14, 2011, Magistrate Judge Stewart issued an Order (#59) tolling the statute of limitations for "absent putative class members."

On March 20, 2012, Plaintiffs filed a Second Amended Complaint in which Plaintiffs allege Defendant (1) failed to pay minimum wages in violation of the FLSA, (2) failed to pay overtime wages in violation of the FLSA, (3) failed to pay

minimum wages in violation of Oregon Revised Statute § 653.025,
(4) failed to pay overtime wages in violation of Oregon Revised
Statute § 653.261, (5) failed to pay all wages due after
termination of Plaintiffs' employment in violation of Oregon
Revised Statute § 652.140, (6) deducted unauthorized amounts from
Plaintiffs' paychecks in violation of Oregon Revised Statute
§ 652.610, and (7) failed to pay all wages when due as required
by Oregon Revised Statute § 652.120.

On April 12, 2012, Defendant filed an Answer to Plaintiffs'
Second Amended Complaint in which it asserted Affirmative
Defenses that again included the statute of limitations.  As in
Defendant's Answer to Plaintiffs' First Amended Complaint,
Defendant alleged only that "Plaintiffs' claims are barred in
whole, or in part, by applicable statutes of limitations."

On May 22, 2012, Magistrate Judge Stewart heard oral
argument on various Motions pending at that time.  At the hearing
Plaintiffs made an oral Motion to Dismiss Defendant's Affirmative
Defenses.  The Magistrate Judge granted Plaintiffs' Motion and
dismissed Defendant's statute-of-limitations defense without
prejudice and with leave to amend.  The Magistrate Judge noted:

> I think what is going to happen in this case is at
> some point, if the defendant decides that it has,
> for example, a valid statute of limitations
> defense with a particular class member with
> respect to a particular claim, they're going to
> have to seek leave of court to amend and add that
> affirmative defense with specific factual
> allegations to go forward.

5 - OPINION AND ORDER

Hearing Tr. 7 (#185).  The Magistrate Judge specifically denied
Plaintiffs' request to dismiss with prejudice the statute-of-
limitations defense against the named Plaintiffs.

On August 13, 2012, Plaintiffs filed a Motion to Certify
Oregon Rule 23(b)(3) Classes and Alternative Motions to Either
Certify Hybrid FLSA Classes or Certify FLSA 216(b) Collectives.

On October 22, 2012, Defendant filed a Motion to
Amend/Correct Answer in which it requested leave to file an
Amended Answer to Plaintiffs' Second Amended Complaint that,
among other things, did not include a statute-of-limitations
Affirmative Defense.

On December 13, 2012, Plaintiffs filed a Third Motion for
Leave to File Amended Complaint.

On December 20, 2012, Magistrate Judge Stewart issued an
Order granting Defendant's Motion to Amend/Correct Answer.  On
December 27, 2012, Defendant filed its Amended Answer to
Plaintiffs' Second Amended Complaint.  Defendant's Amended Answer
did not include a statute-of-limitations Affirmative Defense.

On January 7, 2013, Magistrate Judge Stewart denied
Plaintiffs' Third Motion for Leave to File Amended Complaint on
the grounds of undue delay and prejudice.  Specifically, the
Magistrate Judge noted:

> Given the amended pleadings, extensive discovery
> and motion practice to date, including plaintiffs'
> pending motion for class certification, this case
> is too far advanced to add two new defendants

> (including a representative of a proposed
> defendant class), many new claims unrelated to the
> pending claims for wage and hour violations,
> additional putative class members, and over 50 new
> proposed classes and subclasses.

Order (#157).

On January 28, 2013, Magistrate Judge Stewart issued

Findings and Recommendation in which she recommended granting in

part and denying in part Plaintiffs' Motion to Certify and

specifically recommended conditional certification of Plaintiffs'

proposed FLSA Workers Benefit Fund and Shoe Collectives and

Subcollectives under § 216(b) and certification of Plaintiffs'

proposed Rule 23(b)(3) Oregon Workers Benefit Fund and Shoe

Classes and Subclasses.

On April 1, 2013, Judge Haggerty entered an Order adopting

the January 28, 2013, Findings and Recommendation; conditionally

certifying Plaintiffs' proposed FLSA Workers' Benefit Fund and

Shoe Collectives and Subcollectives under § 216(b); and

certifying Plaintiffs' proposed Rule 23(b)(3) Oregon Workers

Benefit Fund and Shoe Classes and Subclasses.

On May 7, 2013, Defendant filed a Motion for Leave to Amend

Answer in which Defendant sought to include a statute-of-

limitations defense. Specifically, Defendant asserted the named

Plaintiffs failed to file written consent forms that are a

prerequisite to commencing a collective action under §§ 216(b)

and 256 of the FLSA and the FLSA's three-year limitation period

7 - OPINION AND ORDER

expired on March 31, 2013, as to the named Plaintiffs.  According
to Defendant, this was the first time Defendant had a specific
factual basis to support its statute-of-limitations defense.

Also on May 7, 2013, Defendant filed a Motion for Summary
Judgment as to all of Plaintiffs' claims on the grounds that
Plaintiffs' FLSA claims are barred by the statute of limitations
and that this Court may not exercise supplemental jurisdiction
over Plaintiffs' state-law claims.

On May 31, 2013, Plaintiffs filed a Response to Defendant's
Motion for Leave to Amend Answer in which they objected to
Defendant's Motion on numerous grounds.

On June 18, 2013, Magistrate Judge Stewart issued an Opinion
and Order in which she granted Defendant's Motion for Leave to
Amend Answer.  On July 1, 2013, Plaintiffs filed Objections to
the Opinion and Order.

On August 27, 2013, this Court issued an Order affirming
Magistrate Judge Stewart's Opinion and Order and granted
Defendant's Motion for Leave to Amend Answer.

On October 16, 2013, the Court also entered an Order
granting Plaintiffs additional time to conduct discovery related
to the statute-of-limitations issues before filing a response to
Defendant's Motion for Summary Judgment.  Because it was not
clear to the Court how much additional time Plaintiffs were
requesting or what "reasonable parameters the Court should set

for the additional discovery," the Court directed counsel to
confer and to submit no later than October 28, 2013, a joint
statement setting forth their respective positions regarding the
time necessary to complete the additional discovery as well as a
proposed schedule to complete the briefing on Defendant's Motion
for Summary Judgment.

On October 28, 2013, Defendant filed a Motion for Stay of
Certain Proceedings and for a Status Conference instead of filing
a joint statement.  In its Motion Defendant sought a stay of
proceedings as to Plaintiffs' Motions that were filed after
Defendant's Motion (#174) for Summary Judgment; *i.e.*, a stay as
to Plaintiffs' Motion (#206) to Appoint Class Administrator and
to Authorize Dissemination of Notice to Class and Collective
Members, Plaintiffs' Motion (#212) for Spoliation Sanctions Re
FLSA Shoe Claims and Defenses, and Plaintiffs' Alternative Motion
(#214) for Partial Summary Judgment on FLSA Shoe Claims and
Defenses.

On November 7, 2013, the Court held a status conference with
counsel for the purpose of (1) considering and resolving the
amount of time that should be permitted for additional discovery
related to Defendant's pending Motion (#174) for Summary
Judgment; (2) considering Defendant's Motion (#217) for Stay of
Certain proceedings; and (3) managing the resolution of
Plaintiffs' Motions ## 206, 212, and 214.

On November 7, 2013, the Court also issued an Order

(1) setting January 3, 2014, as the date for Plaintiffs to file

their response to Defendant's Motion for Summary Judgment and

January 20, 2014, as the date for Defendant to file its Reply;

(2) scheduling oral argument on the parties' various motions to

be heard on January 30, 2014; and (3) advising the parties that

they would not be permitted to file any additional motions

without advance leave of Court.

On November 26, 2013, the parties filed a Joint Statement of

Stipulated Facts in which they noted:

> Jack in the Box asserts that the named Plaintiffs' FLSA
> statutes of limitations expired on the following dates:
>
>> a. Jessica Gessele:  November 23, 2011 (2012 for
>> willful damages claims)
>> b. Ashley Gessele:  February 8, 2011 (2012 for willful
>> damages claims)
>> c. Nicole Gessele:  April 1, 2011 (2012 for willful
>> damages claims)
>> d. Tricia Tetrault:  July 22, 2010 (2011 for willful
>> damages claims)
>> e. Christina Luchau:  March 31, 2012 (2013 for willful
>> damages claims) [.]
>
> Jack in the Box received letters from Mr. Egan on behalf of
> Plaintiffs asserting various wage claims and citing state
> and federal statutes on various dates including on May 3,
> 2010 for Jessica Gessele and on July 26, 2010 for other
> plaintiffs.
>
> Jack in the Box's in-house counsel Raymond Pepper and James
> Stubblefield had at all relevant times the responsible
> knowledge within Jack in the Box of the reasons for the
> decision to file the motion for summary judgment at DKT
> #175, including the potential availability of an FLSA
> defense based on a lack of filed consents.

Joint Statement (#230) at 1.

On November 27, 2013, the parties advised the Court of a
discovery dispute related to defense counsel's knowledge of the
availability of the FLSA statute-of-limitations defense.  On
December 12, 2013, the Court held a hearing on this particular
discovery issue and also entered an Order (1) setting
December 27, 2013, as the date for Defendant's responses to
interrogatories and briefing on any objections to the
interrogatories; (2) setting January 6, 2014, as the date for
Plaintiffs to file any response; (3) scheduling a further
discovery conference on January 10, 2014; (4) extending
Plaintiffs' deadline to respond to Defendant's Motion for Summary
Judgment (#174) to January 17, 2014, and Defendant's reply to
February 3, 2014; and (5) striking oral argument set on
January 30, 2014.

On January 6, 2014, Plaintiffs filed a Motion to Compel
Discovery and/or Strike Affirmative Defense in which Plaintiffs
sought an order compelling production of discovery from Defendant
and/or striking Defendant's affirmative defense of waiver on the
grounds of Defendant's "(non)responses and its (non)briefing of
its objections."

On January 15, 2014, the Court heard oral argument on
Plaintiffs' Motion to Compel.  On that same day the Court
issued an Order denying Plaintiffs' Motion to Compel; setting
January 21, 2014, as the date for Plaintiffs to respond to

11 - OPINION AND ORDER

Defendant's Motion for Summary Judgment (#174) and January 28, 2014, as the date for Defendant to file its reply; and setting oral argument on February 10, 2014, regarding Defendant's Motion.

On February 10, 2014, the Court heard oral argument on Defendant's Motion for Summary Judgment.

On March 19, 2014, the Court issued an Opinion and Order granting Defendant's Motion for Summary Judgment, dismissing with prejudice Plaintiffs' FLSA claims as time-barred and dismissing without prejudice Plaintiffs' state-law claims.  On March 20, 2014, the Court entered a Judgment dismissing Plaintiff's FLSA claims with prejudice and dismissing Plaintiffs' state-law claims without prejudice.

On April 16, 2014, Plaintiffs filed a Motion to Amend or Correct the Court's February 19, 2014, Opinion and Order.

On May 15, 2014, the Court entered an Order in which it granted Plaintiffs' Motion to Amend.  Also on May 15, 2014, the Court issued an Amended Opinion and Order in which it granted Defendant's Motion for Summary Judgment on the ground that this Court did not acquire jurisdiction over Plaintiffs' federal claims (because they were time-barred) and dismissed Plaintiffs' claims without prejudice.  Finally on May 15, 2014, the Court entered an Amended Judgment dismissing all of Plaintiffs' claims without prejudice.

On May 23, 2014, Defendant filed a Bill of Costs.  On

May 29, 2014, Plaintiffs filed a Bill of Costs.

On June 5, 2014, Plaintiffs filed an action in Multnomah County Circuit Court against Defendant asserting the same state and federal claims that Plaintiffs asserted in their Second Amended Complaint in this action.[1]

On June 30, 2014, the Court took the parties' Cost Bills in this matter under advisement.

## DISCUSSION

Plaintiffs and Defendant each seek costs pursuant to 28 U.S.C. § 1919, which provides:  "Whenever an action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."  The Ninth Circuit has held § 1919 rather than Federal Rule of Civil Procedure 54(d) governs an award of costs when the underlying claim has been dismissed for lack of jurisdiction.  *Miles v. State of Ca.*, 320 F.3d 986, 988 (9th Cir. 2003).  "Unlike Rule 54(d), § 1919 is permissive, allows the district court to award 'just costs,' and does not turn on which party is the 'prevailing party.'"  *Id.* at 988 n.2.

---

[1] On July 9, 2014, Defendant removed the newly-filed state case from Multnomah County Circuit Court to this Court, and that removed matter is pending as Case No. 14-CV-1092-BR.  On August 8, 2014, Plaintiffs filed an Amended Motion to Remand (that) Case to State Court, and that Motion remains pending the parties' briefing and the Court's consideration of its merits.

13 - OPINION AND ORDER

As noted, both parties in this matter assert the Court
should exercise its discretion and award them their costs.  When
a matter is dismissed for lack of jurisdiction, however, courts
that have exercised their discretion to award costs typically
have awarded costs to the defendant.  Plaintiffs cite two cases
in which courts in this district have awarded costs to the
plaintiff when a matter has been dismissed for lack of
jurisdiction.  Those cases, however, are distinguishable.  In
*Humbarger v. Mortgage Electronic Registration Systems, Inc.*, the
plaintiff filed an action to stop the nonjudicial foreclosure of
his home.  After the plaintiff filed his complaint, the defendant
elected to rescind the nonjudicial foreclosure proceedings and to
pursue "other alternatives."  No. 3:11-cv-1202-PA, 2012 WL
6649370, at *3 (D. Or. Dec. 19, 2012).  Based on that particular
set of circumstances, the court concluded the plaintiff was
entitled to his "just costs" under § 1919.  *Id.*  Similarly, in
*Murphy v. First Horizon Home Loan* the plaintiffs filed an action
seeking relief from a nonjudicial foreclosure that had resulted
in the sale of their home.  The defendant voluntarily rescinded
the foreclosure sale.  The court, relying on *Humbarger*, awarded
the plaintiffs their costs under § 1919 and noted the plaintiffs
"correctly identified a serious deficiency in the nonjudicial
foreclosure process that resulted in the sale of their home
. . . .  That Defendants chose to [rescind the foreclosure sale]

should not force the [plaintiffs] to bear the costs of bringing this action." No. 3:12-cv-000818-SI, 2013 WL 1295575, at *6 (D. Or. Mar. 26, 2013).

The Court notes that throughout the extensive litigation history of Case No. 3:10-cv-00960-BR, both Plaintiffs and Defendant have won and lost various arguments related to numerous issues including the question of pleading Defendant's statute-of-limitations defense, class certification, jurisdiction, and federal jurisdiction. The *Humbarger* and *Murphy* courts' analysis and conclusions, therefore, are not particularly enlightening.

According to Plaintiffs, an award of costs to Defendant is premature because Plaintiffs have filed a second action asserting the same claims against the same Defendant in the presently removed state case and the costs incurred by Defendant are for depositions and transcripts that will be equally useful to litigation of the state-court action. Plaintiffs' assertion, however, cuts both ways. The costs incurred by Plaintiffs also are for transcripts that are likely to be helpful to Plaintiffs in the state-court litigation.

Because Plaintiffs filed the second action in state court with the same claims and same parties as in this matter, Defendant has removed that action to this Court, and Plaintiffs seek to have that matter remanded, it is clear that litigation between these parties involving these claims is likely to

15 - OPINION AND ORDER

continue for some time.  Although the Ninth Circuit has held the Court is not required to defer an award of costs under § 1919 when a parallel state case is proceeding (*see Otay Land Co. v. United Enterprises, Inc.*, 672 F.3d 1152, 1160 (9th Cir. 2012)), this Court concludes in the circumstances of this case that it would be fair, efficient, and effective to delay any award of costs to the parties involved in these matters until the last related matter is fully concluded.  Accordingly, in the exercise of its discretion the Court declines to award costs to either party at this time.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Bill of Costs (#299) and **DENIES** Plaintiffs' Bill of Costs (#302).

IT IS SO ORDERED.

DATED this 13th day of August, 2014.

_____
ANNA J. BROWN
United States District Judge